MARTIN C. WALTON *et al.*

*v.*

SALLY M. FOLLANSBEE *et al.*

*Filed at Ottawa January 21, 1890.*

|131  147|
159  168|
131  147|
165  484|
131  147|
80a 298|
131  147
183  532
131   147|
108a ³ 11|

1. TRUSTS AND TRUSTEES—*conveyance in trust—quantity of estate.* The extent or quantity of an estate taken by a trustee is determined, not by the circumstance that words of inheritance in the trustee are or are not used in the deed, but by the intent of the parties, and such intent is to be determined by the extent and scope of the trust. The interest of the trustee is measured, not by words of inheritance, or otherwise, but by the object and extent of the trust upon which the estate is given.

2. Whenever a trust is created, a legal estate sufficient for the purposes of the trust shall, if possible, be implied in the trustee, whatever may be the limitation in the instrument,—whether to him and his heirs or not; and although a legal estate may be limited to a trustee to the fullest extent, as to him and his heirs, yet it shall not be carried farther than the complete execution of the trust necessarily requires.

3. SAME—*remainder—after the purpose of the trust is subserved—contingent remainder.* The owner of real estate conveyed the same in trust, for the use of his wife during her life, and provided in his deed that in case he should survive his wife, the property should descend to and vest in her children, and in default of children, revert back to the grantor: *Held,* that the remainder created by such deed was limited both upon a dubious and uncertain event, viz., the death of the wife in her husband's lifetime, and to dubious and uncertain persons. In each case, no estate vested in the children until the death of their mother in the father's life, and then only such took as survived her.

4. SAME—*duration of trust—contingent remainder over—a conveyance in trust construed.* A, the owner of certain real estate, conveyed the same to B and C, and to the survivor, and the heirs and assigns of such survivor, in trust, to secure a comfortable provison for the wife of A, and her children. The wife was to have the use of the property, and it was provided, that on the death of the wife leaving the husband surviving, the property should descend to and vest in her children, and in default of children, should revert to her husband; and also, that on the death of A before his wife, the premises should become the absolute property of the wife: *Held,* that the parties intended to create a trust which should subsist only during the joint lives of A and his wife, and therefore the deed vested in the trustees only an estate for the

joint lives of A and his wife, with a contingent remainder over to her children, the contingency being that she should die before A, and that the children should be alive at her death.

5. SAME—*powers of trustee, to lease, convey, etc.—of their duration.* A conveyance of real estate in trust, for the use of the grantor's wife, provided, that on the wife's death, leaving her husband surviving, the estate should vest in her children, and in default of them, to revert back to the grantor, and on his death before that of the wife, the trust should cease. It also required the trustees to execute such leases, conveyances, contracts and agreements in reference to the premises, or any part thereof, as the wife should, in writing, request : *Held,* that the leases, conveyances, etc., referred to, were such as related to the estate conveyed, which was for the joint lives of the grantor and his wife.

6. SAME—*conveyance by trustee—what title will pass.* A deed by a trustee, for land held in trust for the use of another, will pass the legal title to the grantee, whether it was rightfully made, or made in violation of the trust under which the title was held.

7. Although a written request of the *cestui que trust* be necessary to a conveyance of the trust property, under the terms of the trust, still the naked deed of the trustee, without such request, will pass the legal title to the grantee.

8. INURING OF TITLE—*subsequently acquired.* Where a person acquires a title to land after having made a warranty deed, such title will inure, by force of his covenants, to his grantee, and he will be estopped to claim title as against such grantee ; and such estoppel will extend to and be equally binding on his heirs.

9. CONSTRUCTION OF DEEDS—*rule of construction.* A deed should be so construed, if possible, as to give force to all of its provisions, and that they may all stand together.

10. EJECTMENT—*only legal titles involved.* In the action of ejectment, legal titles only can be tried, and the plaintiff can not recover unless he shows a legal right to the property.

11. SAME—*recovery by a part only of several plaintiffs.* Where some of the plaintiffs in ejectment prove title in themselves, and another fails to show title, it is error for the court to instruct the jury to find for the defendants as against all the plaintiffs. In such case, the court should instruct the jury to find a verdict in favor of the plaintiffs showing title.

APPEAL from the Circuit Court of Cook county ; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Mr. H. B. HURD, and Mr. E. P. HILLIARD, for the appellants:

The second trust deed was an attempt to enlarge the powers of the trustee. The fact that Nelson C. Watson joined in this deed gives it no additional force, he having parted with all his estate by the first deed. The fact that Mrs. Walton joined in the deed does not signify, so far as the interest of her children is concerned, as the first trust deed contained no power of substitution. So far as George W. Walton and Margaret E. Young were concerned, the trust was personal as to them, and they could not delegate their powers. *McDonald* v. *Starkey,* 42 Ill. 442; Sugden on Powers, (8th ed.) 256; 1 Lewin on Trusts, 252; *Pearson* v. *Jameson,* 1 McLean, 197; Hill on Trustees, 279, *175; Tiffany & Bullard on Trusts, 730-754; *Taylor* v. *Hopkins,* 40 Ill. 442; *Withers* v. *Yeardon,* 1 Rich. Eq. 324; *Ingram* v. *Ingram,* 2 Atk. 88; *Attorney General* v. *Burryman,* 2 Ves. Sr. 643.

The first trust deed created in the trustees an estate for the life of Eliza Ann Walton, and created a contingent remainder. Upon the death of Mrs. Walton, the fee vested in her children, pursuant to the terms of said deed. *Lynch* v. *Swayne,* 83 Ill. 336; *Shackelton* v. *Sabree,* 86 id. 617; *Vinson* v. *Vinson,* 4 Bradw. 138; *Dean* v. *Long,* 122 Ill. 447.

The children of Mrs. Walton are purchasers, and are not affected by anything Mr. and Mrs. Walton did, unless it were done in strict pursuance of the deed of trust. *Breit* v. *Yeaton,* 101 Ill. 242; *Richards* v. *Chambers,* 10 Ves. 580; *Parker* v. *White,* 11 id. 219; *Richards* v. *Fitzgerald,* 9 Irish Eq. 495; *Kinard* v. *Daniels,* 13 B. Mon. 447; *Graham* v. *Houghton,* 1 Vroom, 552; *Watson* v. *Bonney,* 2 San. 417; *McBride* v. *Greenwood,* 11 Ga. 379; *Givin* v. *Givin,* 38 Miss. 205.

Even if we allow that the trustees had a power of sale, a consent in writing, given after a deed executed by the trustees, could have no effect to validate this deed, given without such consent being first had. *Pickering* v. *Lomax,* 120 Ill. 289.

The power of sale could only be exercised by them in the way prescribed in the deed of Nelson C. Walton to George W. Walton and Margaret E. Young,—viz., by the trustees named, on the request of Mrs. Walton, in writing, signed by her alone. *Breit* v. *Yeaton*, 101 Ill. 242; *Swift* v. *Castle*, 23 id. 209.

The first trust deed gives the trustees no power of sale. The object of the trust was to create an income for the support of Mrs. Walton and her children. By the terms of the trust, it is plain that during the life of Mrs. Walton she may occupy the premises, or any part thereof, as she pleases. If she does not choose to do so, the trustees are given the power to lease the same for any term not exceeding two years without her consent, and shall at all times execute such leases, conveyances, contracts and agreements in reference to said premises, or any part thereof, as she shall request in writing, signed by her alone. This power is followed by a restriction, that no contract, conveyance or lease for a longer term than two years, of any portion of the premises, shall be executed by said trustees without such consent in writing.

The object of the creation of the trust was to provide for the comfort and support of Mrs. Walton and her children. Ample and distinct words are used to effect this purpose, viz., that the trustees should manage and lease the premises, and pay to Mrs. Walton the rents, or allow her to use the property for her life, and upon her death before her husband, the property was to descend to and vest in her children. All else that is found in the deed is incidental to these objects, and intended to furnish the machinery by which they might be accomplished, and by way of restraint upon the trustees.

Mr. THOMAS J. WALSH, and Mr. NEWTON C. PARTRIDGE, for the appellees:

The legal title prevails in ejectment. *Chiniquy* v. *Catholic Bishop*, 41 Ill. 148; *Franklin* v. *Palmer*, 50 id. 202.

If the purposes of the trust may require the fee to be in the trustee, the express limitation of the fee to the trustee will not be cut down; and this is to be determined from the circumstances as they existed at the time of the execution of the instrument, and not by subsequent events. *West* v. *Fitz,* 109 Ill. 432; *Abbott* v. *Essex,* 18 How. 202; *Doe* v. *Holmes,* 8 T. R. 1; *Goodtitle* v. *Maddern,* 4 East, 496; *Doe* v. *Willan,* 2 B. & A. 84; *Doe* v. *Edlin,* 4 A. & E. 582.

Where an estate is expressly given to trustees in fee, and they are authorized to lease, the trustees must be held to exercise the authority out of the estate in them, and not by way of power, and hence, when the authority is to make leases of indefinite duration, the trustees will be held to have the fee. *Doe* v. *Willan,* 2 B. & A. 84; *Keen* v. *Wallbank,* id. 554; *Booth* v. *Field,* id. 564; *Cardogan* v. *Ewart,* 7 A. & E. 640; *West* v. *Fitz,* 109 Ill. 432; *Collier* v. *Walters,* L. R. Eq. 17 (1874) 252.

When the trustee holds the fee, a deed made by him carries the legal title, though made in violation of the trust. Perry on Trusts, sec. 334; Hill on Trustees, 188; *Chapin* v. *Billings,* 91 Ill. 544; *Kœster* v. *Burke,* 81 id. 439; *Life Ins. Co.* v. *Spaids,* 99 id. 264; *Doe* v. *Godwin,* 1 D. & R. 259.

When the purpose of a trust is accomplished, the owner of the trust does not become, by operation of law, invested with the legal title, and can not recover in ejectment. A conveyance is necessary to transfer the legal title. *Vallette* v. *Bennett,* 69 Ill. 636; *Kirkland* v. *Cox,* 94 id. 413; *Moore* v. *Burnet,* 11 Ohio, 334; *Lincoln* v. *French,* 105 U. S. 614.

When one who has made a voluntary conveyance makes a deed of the same property for a valuable consideration, according to the English doctrine the first conveyance is made absolutely void, but the American doctrine is that it raises a presumption that the first conveyance was fraudulent and void. *Cathcart* v. *Robinson,* 5 Pet. 281; *Sterry* v. *Arden,* 1 Johns. Ch. 270.

Mr. JUSTICE BAILEY delivered the opinion of the Court:

This was an action of ejectment, brought by Martin C. Walton, Frank H. Van Pelt and Nelson C. Walton Jr., against Sally M. Follansbee, Charles Follansbee and R. A. Meiswinkel, to recover lot 44, block 4, Fort Dearborn addition to Chicago. The defendants pleaded not guilty, and at the trial, the court, at the close of the evidence, refused all the instructions to the jury asked by the plaintiffs, and instructed the jury to find their verdict for the defendants, and the jury having, in obedience to said instruction, found the defendants not guilty, the court, after denying the plaintiffs' motion for a new trial, rendered judgment for the defendants, and the plaintiffs now bring the case to this court by appeal. Both the plaintiffs and defendants claim title to the premises in controversy under the following deed:

"This indenture, made this twenty-fourth day of March, A. D. 1858, between Nelson C. Walton, of the city of San Francisco, of the first part, George W. Walton and Margaret E. Young of the second part, and Eliza Ann Walton, wife of Nelson C. Walton, of the third part, witnesseth: That the said party of the first part, in consideration of the love and affection cherished by him for his said wife, and for the purpose of securing to her a comfortable provision for herself and her children, has given and granted, and by these presents does give, grant and convey, unto said parties of the second part, and to the survivor of them, and to the heirs and assigns of such survivor, the following lots and parcels of ground in the city of Chicago, Cook county, State of Illinois, to-wit: Lot number forty-four, in block number four, in Fort Dearborn addition to Chicago. Also all the right, title and interest of said party of the first part in and to lot number three in block eighteen of Kinzie's addition to Chicago. Also lot number sixteen in block thirty, School Section addition to Chicago. Also lot number ten, block sixty-two, School Section addition to Chicago, together with all rights, privileges and appurtenances thereto belonging:

To have and to hold, to said parties of the second part, and to the survivor of them, and the heirs and assigns of such survivor, forever: In trust, and for the following purpose, to-wit:

"That said parties of the second part shall enter upon said real estate and manage and lease the same for any term not exceeding two years, without the written consent of said party of the third part, and collect the rent and pay over the same to said Eliza Ann Walton or to her order, and for her sole and separate use, and for the purpose aforesaid appoint an attorney or attorneys. Said parties of the second part shall at all times execute such leases, conveyances, contracts and agreements in reference to said premises or any portion thereof as said party of the third part shall request in writing signed by her alone. No contract, conveyance or lease for a longer term than two years of any portion of said premises shall be executed by said trustees without such written request. Said parties of the second part shall at all times suffer and permit said party of the third part to occupy, use and enjoy said premises or any portion thereof free from liability for any debts of said party of the first part, during the term of her natural life; and in case of her decease before said party of the first part, the property above described shall descend to and vest in her children; and in default of children surviving, shall revert to said party of the first part. In case of the decease of said party of the first part before said party of the third part, the said premises shall become the absolute property of said party of the third part, and the trust herein created shall thereupon cease and determine.

"The said parties of the second part and third part accept the provisions of this trust and covenant to fulfill the same.

"In witness whereof said parties have hereunto set their hands and seals, the day and year aforesaid.

"Nelson C. Walton, (Seal.)

"Eliza Ann Walton, (Seal.)

"George W. Walton, (Seal.)

"Margaret E. Young. (Seal.)"

Said deed was duly acknowledged April 14, 1858, by Nelson C. Walton and Eliza Ann Walton, the latter therein relinquishing her dower, and on the 1st day of May, 1858, it was placed on record. Of the plaintiffs, Martin C. Walton and Nelson C. Walton Jr. are the children of said Nelson C. Walton and Eliza Ann Walton, and Holman Van Pelt is their grandson, he being the son of a deceased daughter.

On the 12th day of October, 1859, a deed was executed by Nelson C. Walton, George W. Walton, Margaret E. Walrath, (formerly Margaret E. Young), and Austin Walrath her husband, of the first part, Isaac Wickersham and Sidney Abel of the second part, and Eliza Ann Walton of the third part, in which, after reciting, in substance, the terms of the deed above set forth, and that said Eliza Ann Walton, by her signature thereto, requested the execution of said second deed, said parties of the first part, in consideration of the premises and of one dollar to them in hand paid, sold, released and conveyed to said parties of the second part, and to the survivor of them, and to the heirs or assigns of such survivor, the said parcels of land conveyed by the deed first above mentioned, "to have and to hold, to said parties of the second part, and to the survivor of them, and the heirs or assigns of such survivor, forever." Said deed contained a declaration of trust substantially identical with that contained in the deed of March 24, 1858, except that the clause relating to the execution of leases, etc., by said parties of the second part as trustees was in the following words: "Said parties of the second part shall at all times execute such leases, *deeds, mortgages,* conveyances, contracts, or agreements embracing or affecting said premises, or any portion thereof, as said party of the third part shall in writing request."

The defendants read in evidence at the trial an instrument bearing date December 1, 1861, signed by Eliza Ann Walton and acknowledged by her April 13, 1862, in which she requested Isaac G. Wickersham and Sidney Abel, and also George W.

Walton and Margaret E. Walrath, to join in the execution of a deed of conveyance of said lot 44, block 4, in Fort Dearborn addition to Chicago, to Elbridge G. Walton, and stating in said instrument that said proposed deed had been drafted at her sole instance and request, and had already been signed by herself, her husband Nelson C. Walton and her daughter Josephine M. Walton, and declaring that said deed was intended to convey all the right, title and interest whatsoever of said George W. Walton, Margaret E. Walrath, Isaac G. Wickersham and Sidney Abel, and each and every of them, as trustees or otherwise, under said deed of March 24, 1858, and said deed of October 12, 1859; and said Eliza Ann Walton, in said instrument, acknowledged the receipt, for her separate use, from said Elbridge G. Walton, of the sum of $2000, in full of the purchase money of said lot, and she also declared that, in consideration of the execution of said deed by said trustees, she, by said instrument, released and discharged said trustees and each and every of them from all further or other care or charge by reason of the trusts, provisions, powers or conditions contained in said two deeds or either of them.

The defendants also read in evidence a deed bearing date December 1, 1861, executed by Nelson C. Walton, Eliza Ann Walton his wife, Josephine M. Walton their daughter, and by Isaac G. Wickersham, Sidney Abel, George W. Walton, Margaret E. Walrath and Austin Walrath her husband, to Elbridge G. Walton, by which said grantors, in consideration of the sum of $2000, granted, bargained and sold to said grantee, said lot 44, block 4, Fort Dearborn addition to Chicago. It was also proved that afterwards, by several mesne conveyances, the title vested in Elbridge G. Walton by the last mentioned deed was conveyed to Charles Follansbee, one of the defendants.

Eliza Ann Walton died about March 30, 1874, leaving three children, viz., Martin C., Nelson C. Jr. and Josephine M., and Josephine died December 16, 1879, leaving Frank H. Van Pelt her only child. Nelson C. Walton is still living.

The decision of the case must necessarily depend upon the nature of the legal estate in the lot in question vested in George W. Walton and Margaret E. Young by the deed of March 24, 1858. If that deed vested in them as trustees an estate in fee, it is apparent that, by means of the several deeds above mentioned, such legal estate has been conveyed to and vested in Charles Follansbee, and in that case the plaintiffs manifestly can not recover. In this suit legal titles only can be tried. It is therefore immaterial whether said trustees conveyed away the legal title rightfully or in violation of their trust, as in either case their deed was effectual to pass such title. *Reece* v. *Allen,* 5 Gilm. 236; *Graham* v. *Anderson,* 42 Ill. 514; *Dawson* v. *Hayden,* 67 id. 52; *Rice* v. *Brown,* 77 id. 549; *Chapin* v. *Billings,* 91 id. 539.

The plaintiffs claim that there was no proper proof of the execution of the instrument read in evidence by which Eliza Ann Walton requested said trustees to execute a conveyance of said lot to Elbridge G. Walton, and the newly discovered evidence produced by the plaintiffs in support of their motion for a new trial tended to show that said instrument was not in fact drafted until long after the execution of said deed. Even admitting that the execution of said instrument was necessary to enable the trustees to convey without a violation of their trust, and that her joining in the deed itself was not sufficient to answer the requirements of the trust deed, it is, upon the principle above stated, wholly immaterial in this case whether she executed said instrument before or after the trustees made the conveyance, or whether she executed it at all, as in either case such conveyance was effectual to the extent of conveying the legal estate.

What then was the nature and extent of the legal estate vested in said trustees by said deed of March 24, 1858? It can not be doubted that the language of the deed was sufficient, if the purposes of the trust required it, to vest in them the fee. The grant was to said trustees, and to the survivor of them;

and to the heirs or assigns of the survivor. But the extent or quantity of the estate taken by a trustee is determined, not by the circumstance that words of inheritance in the trustee are or are not, used in the deed, but by the intent of the parties, and such intent is to be determined by the scope and extent of the trust. His interest therefore is measured, not by words of inheritance or otherwise, but by the object and extent of the trust upon which the estate is given. On this principle, two rules of construction have been adopted by the courts, first, wherever a trust is created, a legal estate, sufficient for the purposes of the trust, shall, if possible, be implied in the trustee, whatever may be the limitation in the instrument, whether to him and his heirs or not; and, second, although a legal estate may be limited to a trustee to the fullest extent, as to him and his heirs, yet it shall not be carried farther than the complete execution of the trust necessarily requires. 1 Perry on Trusts, sec. 312, and authorities cited in notes.

In considering the provisions of said deed for the purpose of determining the scope and extent of the trust, it seems too plain for argument that the parties intended to create a trust which should subsist only during the joint lives of Nelson C. Walton and his wife. This is evident from language which is too plain to require construction. It was expressly provided that, in case of the death of Eliza Ann Walton leaving her husband surviving her, the property in said deed described should descend to and vest in her children, or in default of children, that it should revert to her husband, the grantor. It was further provided that, in case of the death of Nelson C. Walton before the death of his wife, said premises should become the absolute property of his wife, and that said trust should thereupon cease and determine.

It is true the instrument requires the trustees to execute such leases, conveyances, contracts and agreements in reference to said premises or any part thereof as Mrs. Walton should in writing request, but this clause must be construed

with proper reference to the other provisions above mentioned. A deed should be so construed if possible as to give force to all its provisions, and there is no difficulty in construing the clause last mentioned so as to give it effect, and at the same time give full force and effect to all the other provisions of the deed. The "leases, conveyances, contracts and agreements" there referred to must obviously be construed to mean, leases, conveyances, contracts and agreements of and concerning the estate which was made the subject matter of the trust, viz., an estate in the lots conveyed for the joint lives of the grantor and his wife. Such construction does no violence to the language employed, and makes said clause harmonize perfectly with those clauses of the deed which provide for the disposition of the property in the event of the death of either the grantor or his wife.

If, on the other hand, the deed is so construed as to give the trustees power and make it their duty to convey the fee, or any interest extending beyond the joint lives of the grantor and his wife, the disposition attempted to be made of the property upon the death of either of said parties would be rendered nugatory and of no effect.

The trust then being only for the joint lives of the grantor and his wife, and involving no duty which made it necessary for the trustees to have an estate for a longer period, the deed, notwithstanding the limitation to the heirs of the survivor of said trustees, must be held to have vested in them only an estate for the joint lives of Mr. and Mrs. Walton, with a contingent remainder over to the children of Mrs. Walton, the contingencies being, that Mrs. Walton should die before her husband, and that said children should be alive at her death. Upon the death of their mother they became vested with the fee, not by operation of the Statute of Uses, but by virtue of the estate in remainder created and granted directly to them by the deed itself.

We have now to consider the effect upon the rights of the plaintiffs, and particularly upon the rights of Frank H. Van-

Pelt, of the execution by Josephine M. Walton, the mother of said Van Pelt, of the deed of December 1, 1861, by which she and the other grantors to said deed granted, bargained and sold to Elbridge G. Walton the lot in question. It must be admitted that at the time of that conveyance, Josephine M. Walton had no vested interest in said lot. The remainder created by the deed of March 24, 1858, was limited both upon a dubious and uncertain event, viz., the death of Mrs. Walton during the lifetime of her husband, and to dubious and uncertain persons, viz., the children of Mrs. Walton who should be alive at her death. At the time of the conveyance to Elbridge G. Walton, Mrs. Walton was living, and the parties to whom the remainder would go in case of her death before her husband were not then ascertained. The remainder was to such of her children as should then be living, and no estate therefore could vest in either of them until the death of their mother. *Haward* v. *Peavey,* 128 Ill. 430.

But the deed to Elbridge G. Walton contained the following covenant: "And the said Nelson C. Walton, Eliza Ann Walton and Josephine Walton, for themselves, their heirs, executors, administrators and assigns, do covenant, grant, bargain and agree, to and with the said party of the second part, his heirs and assigns, that at the time of the ensealing and delivery of these presents, they are well seized of the premises above conveyed, as of a good, sure, perfect, absolute and indefeasible estate of inheritance in the law in fee simple, and have good right, full power and lawful authority to grant, bargain, sell and convey the same in manner and form aforesaid, and that the same are free and clear from all former and other grants, bargains, sales, liens, taxes, assessments, contingent estates and incumbrances of what kind or nature soever, and the above bargained premises in the quiet and peaceable possession of the said party of the second part, his heirs and assigns, against all and every person or persons lawfully claiming or to claim the whole or any part thereof,

the said Nelson C. Walton, Eliza Ann Walton and Josephine M. Walton, shall and will warrant and defend."

Josephine M. Walton was living at the death of her mother, and the estate she then took by way of remainder was an after acquired estate which, upon well settled principles of law, enured, by force of her covenant, to her grantee, and she was estopped to claim title as against said grantee. Said estoppel was binding not only upon her, but is equally binding upon said Frank H. Van Pelt, her son, who now claims title as her heir. Tiedeman on Real Property, sec. 728 et seq., and authorities cited. The title claimed by him must therefore necessarily fail.

It follows from what has been said, that two of the plaintiffs, Martin C. Walton and Nelson C. Walton Jr., have each proved title in fee in themselves, as tenants in common, to an undivided one-third of the lot in question, while the evidence shows that the other plaintiff has no title. Under these circumstances, the two plaintiffs who have proved title, should have been permitted to recover. The case comes within the provisions of the twenty-eighth section of the statute in relation to Ejectment, viz., that it shall not be an objection to a recovery in any action of ejectment, that any one of several plaintiffs fails to prove an interest in the premises claimed, but those entitled shall have judgment according to their rights, for the whole or such portion as he or they might have recovered if he or they had sued in his or their own name only. The court therefore erred in his instruction to the jury to find generally for the defendants, but should have instructed them to find a verdict in favor of the two plaintiffs who proved title for an undivided one-third each of said lot in fee. For the error in giving the instruction, and in refusing to set the verdict aside and to award to said two defendants a new trial, the judgment will be reversed and the cause remanded.

*Judgment reversed.*