WILLIAM J. REICHERT *et al.* Appellees, *vs.* THE MISSOURI
AND ILLINOIS COAL COMPANY, Appellant.

*Opinion filed December 17, 1907.*

1. TRUSTS—*when trustees may maintain suit for rent.* Where
a trust deed made subject to a lease expressly provides that the
trustees shall collect the rent and apply it to the trusts therein de-
clared, the trustees, if lawfully appointed, are entitled to maintain
a suit for the rent.

2. SAME—*trustees hold as joint tenants unless deed provides
otherwise.* Trustees are excepted from the provision of the stat-
ute requiring a declaration in the conveyance that the estate is in
joint tenancy, and, unless the deed of trust otherwise provides, the
trustees hold as joint tenants, and upon the death of one the title
devolves upon the survivor, and nothing passes to the heirs or per-
sonal representatives of the deceased trustee.

3. SAME—*necessary estate inures to trustee until his duties are
accomplished.* A trustee takes precisely the quantum of legal es-
tate which is necessary to the discharge of his declared powers and
duties as trustee, regardless of technical terms ordinarily required
in a conveyance, and such estate will inure to the trustee until the
active trusts are accomplished, when the Statute of Uses will exe-
cute the use, and the entire title, both legal and equitable, will be
in the one beneficially interested. (*Glover* v. *Condell,* 163 Ill. 566,
distinguished.)

4. SAME—*one creating trust may provide method of filling va-
cancies.* One who creates a trust has a right to provide a method
for filling vacancies and for the appointment of successors in trust.

5. SAME—*provision of trust deed construed as not requiring a
conveyance to new trustees.* Where a trust deed conveys land to
the trustees and to "their successors and assigns" and provides a
method for appointing new trustees to fill vacancies, a provision
that upon the appointment of a new trustee the real estate "shall
thereupon be conveyed, assigned and transferred" in such manner
as to vest the same in the acting trustee is merely declaratory of
the effect of the new appointment, and does not mean that con-
veyances must be made to the new trustee by anyone.

6. SAME—*when a conveyance from trustee who resigned is un-
necessary.* Where a trust deed conveys lands to the trustees and
their successors and assigns and provides for a method of appoint-
ing new trustees, the trustees, in the absence of any contrary pro-
vision in the deed, hold as joint tenants; and in case one dies and

the survivor resigns before the active trusts have been completed, the title held by such survivor passes to new trustees appointed by the method provided for in the deed, without any conveyance to them from such survivor.

7. Same—*whether trustees have given bond cannot be inquired into in a suit by them for rent.* In an action by trustees to recover rent from the lessees of the trust estate, the question whether or not the trustees have given the required bond to the beneficiaries does not concern the defendants and cannot be inquired into.

8. Parties—*when death of beneficiary does not affect suit by trustees.* In an action by trustees to recover rent from the lessees of the trust estate, the death of one of the beneficiaries who was not a party to the suit does not affect the right of the trustees to maintain the suit, nor require that such death be suggested and the personal representative made a party before the suit can proceed.

Appeal from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. B. R. Burroughs, Judge, presiding.

L. P. Crigler, and Schaefer, Farmer & Kruger, for appellant:

Suits upon matters *ex contractu* must be brought in the names of the parties in whom the legal interest in the contract is vested. *Dinet* v. *Reilly,* 2 Ill. App. 316; *Sheridan* v. *Nation,* 159 Mo. 27.

A trustee empowered to convey land to the objects of the settlor's bounty acquires whatever estate, even to a fee simple, is needed to enable him to accomplish the purposes of the trust. *Lawrence* v. *Lawrence,* 181 Ill. 248; *Aid Society* v. *England,* 106 id. 125.

Where the legal title to land is vested in a trustee, nothing short of a re-conveyance can place the legal title back in the grantor or his heirs. *Kirkland* v. *Cox,* 94 Ill. 400; *Coryell* v. *Klehm,* 157 id. 462; *Glover* v. *Condell,* 163 id. 588; *Vallette* v. *Burnett,* 69 id. 632.

In actions on contracts, if there are too many or too few parties plaintiff it is fatal to a recovery, and may be

taken advantage of either by a plea in abatement or as a ground of non-suit upon the trial, under the general issue. *Snell* v. *DeLand,* 43 Ill. 323; *Fairbanks* v. *Badger,* 46 Ill. App. 644; *Murphy* v. *Orr,* 32 Ill. 489; *Tully* v. *Iron Works,* 115 id. 544; *Dinet* v. *Reilly,* 2 Ill. App. 316; *State* v. *Fraker,* 166 Mo. 130.

The title to lands held by a trustee invested with the legal title does not remain in abeyance on the death of the trustee or vest in the courts of equity, but passes to the trustee's legal heirs, subject to the trust. *Lawrence* v. *Lawrence,* 181 Ill. 248.

Section 10 of the act on abatement, which provides for the substitution of the personal representative in the case of the death of a sole plaintiff, does not authorize any action to be taken in the case until the death of the plaintiff is suggested and the legal representative substituted. *Mitchell* v. *King,* 187 Ill. 452; *King* v. *Mitchell,* 83 Ill. App. 632.

L. D. TURNER, and DILL & PFINGSTEN, for appellees:

It was not the intention of the parties to the trust deed that in case of the death or resignation of a trustee the title should remain in him or go to his heirs. Express provision is made for the appointment of new trustees. Perry on Trusts, sec. 294.

It was not the intention of the parties to vest a full fee simple title in the trustees. *Walton* v. *Follansbee,* 131 Ill. 147; *Lawrence* v. *Lawrence,* 181 id. 248.

An instrument must be construed so as to effectuate the intention of the parties. *Dowiat* v. *People,* 193 Ill. 264.

The regularity of appointment of trustees cannot be inquired into in a collateral proceeding. *Golder* v. *Bressler,* 105 Ill. 426; Perry on Trusts, sec. 275.

Trustees have the right to sue and be sued. 27 Am. & Eng. Ency. of Law, (1st ed.) 126.

Appellant having for several years recognized appellees as landlords and paid the rent to them, it cannot dispute

their right to bring this suit. *Brewing Co.* v. *Nelson,* 104 Ill. App. 241; *Kramer* v. *Trust Co.* 169 Ill. 112.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The Appellate Court for the Fourth District affirmed the judgment for $1500 and costs recovered by appellees, against appellant, in the circuit court of St. Clair county, in a suit brought under a mining lease or contract. From the judgment of the Appellate Court the case is brought to this court by appeal.

It is first contended on behalf of appellant that the suit was not brought in the names of the parties in whom the legal interest in the contract was vested. The facts, so far as they relate to that question, are as follows: On May 7, 1891, Joseph Reichert and Maria Reichert, his wife, executed a lease of certain lands in St. Clair county to Crittenden McKinley and William S. Scott, giving to them the right to take coal from under said lands. The lease was for a term of fifty years from its date, unless the coal should be sooner exhausted, and the lessees agreed to pay one-eighth of one cent for every bushel of coal mined and taken out which would pass over a screen with spaces measuring one and one-half inches between the bars, the amount to be determined by the railroad freight bills or weighmaster's certificates or tickets, or upon any other good and sufficient evidence that would satisfy the lessors. The lessees also agreed to mine the coal and do the work in a proper, workmanlike and skillful manner, regularly, properly and effectually, without waste or destruction to the coal. The lease was assigned by the lessees to the appellant, a corporation of the State of Missouri, and it entered into possession under the lease and began mining the coal. On August 22, 1893, Joseph Reichert died, leaving said Maria Reichert, his widow, and eight children, his only heirs-

at-law. On September 25, 1893, the widow and heirs, together with the wives and husbands of the said heirs, respectively, executed a trust deed to said Maria Reichert and August Barthel, conveying said lands, subject to the lease, to said trustees, "their successors and assigns." The trust deed provided that the trustees and their successors in trust should have a right to enter into and upon the premises and receive all rents and royalties, issues and profits thereof. The trust deed further provided that if the trustees, or either of them, should die or go abroad to reside, desire to be discharged from, renounce, decline or become incapable or unfit to act in the trusts, then, in every and any such case, it should be lawful for a majority of the heirs mentioned in the trust deed, or a majority of the survivors thereof, by any writing or writings under their hands, attested by two or more witnesses, to nominate and substitute any person or persons to be trustee or trustees in place of the trustee or trustees so dying, going to reside abroad, desiring to be discharged, renouncing, declining or becoming incapable or unfit to act as trustee. The next provision was, that so often as any new trustee or trustees should be appointed, all the real estate which should then be holden upon the trusts should thereupon be conveyed, assigned and transferred, respectively, in such manner that the same might become legally and effectually vested in the acting trustees for the time being, to and for the same uses and upon the same trusts and with and subject to the same powers and provisions as were therein declared and contained of and concerning the real estate. It also provided that every new trustee so appointed should, from the time of filing his bond, be competent, in all things, to act in the execution of the trusts as fully and effectually and with all the same powers and authorities, to all purposes whatsoever, as if he had been thereby originally appointed the trustee in the place of the trustee whom he should, whether immediately or otherwise, succeed. Maria Reich-

ert died, and on May 18, 1896, August Barthel resigned as trustee. The remaining heirs appointed William J. Reichert and Charles Becker, the appellees, successors in trust to Maria Reichert and August Barthel, in the manner specified in the trust deed, and the trustees so appointed accepted the trust and proceeded to act. The appellant rendered accounts and statements to William J. Reichert and sent checks to him at different times. This suit was brought to the September term, 1903, of the court by the appellees, the new trustees, and the original declaration declared for the rent stipulated in the lease. An additional count charged the appellant with failing to properly work and mine the coal in accordance with its agreement and with wasting and destroying coal, whereby appellees were deprived of a large amount of rents which they otherwise would and ought to have received.

The argument that appellees could not maintain the suit is based on the proposition that they did not have the legal title to the reversion, and in support of that claim counsel present two propositions: First, that upon the death of Maria Reichert the legal title which she held descended to her heirs-at-law; and second, that upon the resignation of August Barthel the legal title conveyed to him remained in him, and it would be necessary for him to execute a deed and convey whatever title was vested in him to the newly appointed trustees before they would be authorized to execute the trust.

The grantee of a reversion may or may not be entitled to the rent reserved in a lease. In this case the conveyance is subject to the lease and there is no reservation of rent, but the trust deed expressly provides that the trustees shall collect the rent and apply it to the trusts therein declared. If the appellees were lawfully appointed trustees and vested with the care, control and management of the trust estate they were entitled to maintain the suit. The first propositon above stated is not the law. Trustees are

excepted from the provision of the statute requiring a declaration in a conveyance that the estate is in joint tenancy, and unless there is a provision to the contrary they hold as joint tenants. Upon the death of one the administration of the trust devolves upon the survivor and nothing passes to the heir or personal representative of the deceased trustee. *Golder* v. *Bressler,* 105 Ill. 419.

Whether the second proposition is correct depends upon a consideration of the law and the provisions of the trust deed. A trustee takes precisely that quantum of legal estate which is necessary to the discharge of the declared powers and duties of such trustee, regardless of technical terms ordinarily required for a conveyance. (*Walton* v. *Follansbee,* 131 Ill. 147; *Lawrence* v. *Lawrence,* 181 id. 248.) The estate will inure to the trustee until the active trusts are accomplished, when the Statute of Uses will execute the use, and the entire title, both legal and equitable, will be in the one beneficially interested. The decision in *Glover* v. *Condell,* 163 Ill. 566, relied upon by counsel for appellant, clearly recognized that doctrine, but held that a conveyance or transfer of personal property was necessary because personal property is not within the Statute of Uses. Barthel had such an estate as would continue until the active trusts were executed and he resigned before that time was reached, when successors in trust to him and Maria Reichert were appointed, as the trust deed provided. One who creates a trust has a right to provide a method for filling vacancies and for the appointment of successors in trust. The trust deed in this case conveyed the estate to the trustees therein named, "their successors and assigns," and it provided for the appointment of successors in trust to whom the estate should go.

Much stress is laid in argument upon the provision of the trust deed that upon the appointment of a new trustee the real estate should thereupon be conveyed, assigned and transferred in such manner as to legally and effectually vest

the same in the acting trustee, but we do not interpret that provision as meaning that a conveyance shall be executed by any one. The heirs-at-law of the deceased trustee might be incapable of making a deed, or the beneficiary would have no method of compelling a conveyance except at the end of legal proceedings. The trust deed provides that the trustees and their successors in trust shall have a right to enter upon the premises and collect the rents and royalties, and that every new trustee, from the time of filing his bond, shall be competent, in all things, to act in the execution of the trusts, and we regard the provision in question as meaning that upon the appointment of a new trustee the estate shall thereupon be deemed to be conveyed and transferred to him. That is the only interpretation which is consistent with the conveyance to the trustees and their successors and with the other provisions of the trust deed. The appellees were the proper parties to maintain the suit.

The next point made is that the trustees were required to execute a bond before acting. But it was not necessary to prove that fact in this case. The trustees were appointed and acting as such, and the question whether they had given a bond for the protection of a beneficiary did not concern appellant and could not be inquired into collaterally in this suit.

It is next insisted that the evidence does not support either count of the declaration. It is conceded that we have no authority to examine the testimony for the purpose of determining its weight, which has been settled by the judgment of the Appellate Court, but the lengthy argument of counsel is based on all the testimony in the case and a comparison and weighing of the same. We will not recite the evidence at length, but the testimony for the appellees, considered by itself, fairly tended to prove the cause of action and was sufficient to sustain the judgment. It tended to prove both that appellant had not paid the stipu-

lated amount for the coal mined, and also that it did not properly mine the coal.

On January 31, 1904, during the pendency of this suit, George Reichert, one of the beneficiaries, died, and if we understand counsel for appellant, they insist that appellees had no right to further prosecute the suit without suggesting his death and making his personal representative a party. He was not a party to the suit and his death did not affect it in any way. Appellees did not bring the suit as agents for him or any one else, but as trustees having the legal right themselves under the contract.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*