(No. 17749.—Decree reversed.)
GLADYS HUBBARD, Appellee, *vs*. SAMUEL A. BUDDEMEIER, Appellant.

*Opinion filed December 21, 1927.*

1. DEEDS—*statutory form conveys fee unless limited by clear and unambiguous language.* While words which appear to reduce an estate conveyed by the statutory form of conveyance must be given consideration in construing a deed to determine the estate granted, where the language of the deed is sufficient to convey an estate in fee simple it must be construed to convey such estate unless a less estate is limited by express words or appears to have been granted by construction or operation of law, as the estate granted cannot be cut down by inference from language of an ambiguous character.

2. TRUSTS—*when trustee must be held to be given fee.* The duty of collecting rents and paying the income as directed by a deed of trust does not necessarily confer on the trustee a fee, but where the deed requires the collection and application of rents for fifteen years and until all debts which may have ripened into a lien against the grantor shall be paid, the period of duration of the trust is indefinite, and the language will convey an estate in fee simple, especially where the trustee is directed to convey the fee in the event of the grantor's death during the fifteen-year period.

3. SAME—*trustee will take what estate is necessary to execute trust.* Whatever the form of the language of a conveyance to a trustee, the grantee will take whatever title is necessary for the execution of the trust and no more.

4. SAME—*when trust cannot be revoked by grantor.* Where a deed of trust contains no express or implied power of revocation by the grantor, confers on the trustee the duty of collecting and paying the income of the property conveyed for fifteen years or until such time thereafter as all obligations of the grantor which become a lien shall have been paid, and provides for a certain disposition of the property contingent upon the death of the grantor during the fifteen-year period, the contingent rights cannot be disregarded and the trust revoked at the will of the grantor, although it was created primarily for her benefit.

5. SAME—*when trust cannot be defeated by grantor or trustee.* A trust created by a deed conveying property to the grantee to manage, and to receive and pay the rents to a particular person or for a particular purpose for a certain time and then apply the property to another designated purpose, cannot be defeated by the subsequent acts of the grantor and the trustee.

6. SAME—*a trust once created requires no consideration.* A trust is created when fully and finally declared in the instrument creating it and when no further act is necessary to be done to give it effect, and a trust thus perfectly created and complete requires no consideration to support it.

7. SAME—*when a trust cannot be terminated by agreement of beneficiaries.* Where the beneficiaries of a trust are all competent to act, the trust estate is subject to no future contingencies, and the beneficiaries have an absolute right to the trust estate, the trust may be terminated by a contract of all the beneficiaries; but this cannot be done against the objection of one beneficiary, nor where the object of the trust has not been accomplished and the interests have not become vested.

8. PLEADING—*demurrer does not admit conclusions of law.* A demurrer admits all allegations of fact well pleaded in a bill but does not admit the pleader's inferences of law drawn from them.

FARMER and THOMPSON, JJ., dissenting.

APPEAL from the Circuit Court of Champaign county; the Hon. FRANKLIN H. BOGGS, Judge, presiding.

GREEN & PALMER, (HENRY I. GREEN, HOMER SHEPHERD, and ORIS BARTH, of counsel,) for appellant.

CASPER PLATT, and ACTON, ACTON & SNYDER, (WILLIAM M. ACTON, of counsel,) for appellee.

Per CURIAM: On June 16, 1923, Gladys B. Long, an unmarried woman about twenty-two years old, executed the following deed:

"This instrument witnesseth, That the grantor, Gladys B. Long, of the county of Vermilion and State of Illinois, for and in consideration of one dollar ($1.00) in hand paid and for other good and valuable considerations, the receipt of which are hereby acknowledged, does hereby convey and quit-claim to Samuel A. Buddemeier, hereinafter sometimes called trustee, of the town of Sidney, county of Champaign and State of Illinois, all interest in all real estate located in Champaign county, Illinois, owned and possessed by the said grantor, including all lands and premises in which the said grantor has any right, title and interest, either in possession, reversion, remainder or otherwise, and particularly the following described lands and premises, namely: The

west half (W ½) of the northeast quarter (NE ¼) of section twenty-five (25); the east half (E ½) of the southwest quarter (SW ¼) of section twenty-five (25); the west half (W ½) of the east half (E ½) of section thirty-four (34); all in township eighteen (18) north, range ten (10) east of the third principal meridian, being in Sidney township, Champaign county, Illinois; in trust, nevertheless, and upon the following trusts:

"1. To take possession of, hold and manage all of said real estate, and to rent the same or so manage said land as in the judgment of said trustee will be for the best interest of said estate.

"2. To pay from the proceeds of said lands

"(a) All taxes and necessary repairs and such improvements as the trustee may deem necessary.

"(b) To make payment to the beneficiaries thereto entitled under a certain trust created by the last will and testament of Fannie A. Buddemeier, deceased, all moneys to which said *cestui que trusts* and beneficiaries are entitled.

"(c) To retain reasonable compensation, not exceeding five per cent (5%) of the amount of gross income received and disbursed by said trustee.

"(d) To apply from time to time, as his judgment may dictate, moneys coming into his hands as aforesaid upon any debts or obligations now existing against the said Gladys B. Long, until such present existing debts and obligations are satisfied and paid; but this shall not extend to any debts or obligations which may accrue against her subsequent to this date and which are not now in existence.

"(e) To pay over the residue of said proceeds to the said Gladys B. Long, said payments to be made to her personally and individually and not upon her order.

"3. The grantor herein shall have no right to anticipate the moneys, rents or income accruing or to accrue for her benefit or to which she may be at any time entitled, either by assignment or pursuant to any judgment, decree or other lien, but such money and funds shall be paid only to the said Gladys B. Long personally.

"4. The said grantee, trustee hereunder, shall hold and retain title to said lands and real estate for the term of (15) fifteen years from this date, (unless the said grantor shall depart this life prior to that date without leaving issue her surviving); at the end of said fifteen (15) year period, if the said Gladys B. Long be then living and if there be any debts, obligations or judgments, decrees or liens or indebtedness or other liability which may be ripened into a lien, then existing, this trust shall thereupon become and be extended until such time as all debts, obligations, judgments, decrees and liens, or indebtedness which may be ripened into a lien, against the said Gladys B. Long or her property, shall be and become fully satisfied, paid or discharged.

"5. If the said grantor should depart this life prior to the termination of this trust leaving issue her surviving, then in that event the said trustee shall convey over all title in him vested hereunder to the lands and premises so herein conveyed to him and by him held in trust under this instrument and at that time make due final accounting and report to such surviving issue of the said Gladys B. Long.

"6. If the said Gladys B. Long should die prior to the termination of this trust without leaving issue her surviving, then in that event said trustee shall convey to the legal heirs of the said Gladys B. Long all interest by him taken, held and possessed under this instrument in and to the lands and premises aforesaid and render due and final accounting for his acts as such trustee.

"7. The said trustee shall at least annually, and oftener if reasonably expedient and convenient, make and render to the said Gladys B. Long a full and complete account of his transactions as such trustee for the term not included or covered in any previous report.

"8. In the event of the death of the said Samuel A. Buddemeier, or his resignation, refusal or inability to further act as trustee, the circuit court of Champaign county, Illinois, shall appoint his successor, who shall have and possess all the powers and authority by this instrument conferred on said trustee.

"9. The trustee hereunder shall execute a bond in the penal sum of five thousand ($5000) dollars, conditioned for the faithful accounting for all moneys coming into his hands and the due and proper disbursement and disposition of the same according to the terms of this instrument, and at any time he may be so requested by the said grantor he shall furnish reasonable security upon said bond by additional names or an additional bond executed by individuals possessing property of value sufficient to qualify them as such sureties."

Samuel A. Buddemeier, who is the grantor's uncle, accepted in writing the trust, entered into and has since retained possession of the land and collected the rents. On September 9, 1925, Gladys B. Long, by the name of Gladys Hubbard, having married C. H. Hubbard, filed a bill in the circuit court of Champaign county praying that the trust be terminated and the trustee required to account, pay to the complainant the amount found due to her and to re-convey the land to her. The bill averred that all the money due the beneficiaries under the trust created by the will of Fannie A. Buddemeier, and all debts and

obligations mentioned in paragraph 2, clauses (*b*) and (*d*) of the trust instrument, had been fully paid; that all the purposes for which the trust was created have been accomplished, and the complainant is the only person now or at any other time interested in the trust, and she desires the trust terminated. The complainant has one child, Barbara Jean Hubbard, an infant, who was joined as a defendant with Buddemeier. A guardian *ad litem* was appointed and both demurred to the bill. The demurrer was overruled, and the defendants having elected to stand by their demurrer the court entered a decree that the trustee reconvey the real estate to the complainant at once and file a final account as trustee within thirty days. Buddemeier has appealed.

The principal question involved in this case is, What was the extent of the title conveyed to appellant by the deed? Under section 13 of the Conveyance act, although words necessary at common law to transfer an estate of inheritance have not been used, every grant, conveyance or devise of an estate in lands is deemed to be a fee simple estate of inheritance if a less estate be not limited by express words or does not appear to have been granted, conveyed or devised by construction or operation of law. While, where the statutory form of conveyance has been used, words which appear to reduce the estate conveyed must be given consideration in the construction of the deed as to the estate granted, (*Bauman* v. *Stoller,* 235 Ill. 480,) where the language of the deed is sufficient to convey an estate in fee simple it must be construed to convey such estate unless a less estate is limited by express words or appears to have been granted by construction or operation of law. The estate cannot be cut down by inference from language of an ambiguous character. (*Slick* v. *Brooks,* 253 Ill. 58.) The words used in the conveyance in question were those of the statutory form of quit-claim deed and conveyed all existing legal or equitable rights of the

grantor in the premises. The estate was limited by the
object and extent of the trust upon which it was given.

The deed imposed upon the trustee the collection and
application of the rents for the term of fifteen years, and,
if the grantor be then living, until such further time as all
debts, obligations, judgments, decrees, liens or indebtedness
which may be ripened into a lien against the grantor or her
property shall be paid. The period of time for which the
trust is to continue, and which marks its duration, is there-
fore indefinite, and the estate granted is a freehold. The
language of the limitation, alone, presumptively conveys to
the trustee the fee, and this presumption can be overcome
only where it appears from the face of the deed itself that
less than a fee will enable the trustee to perform the duties
imposed upon him by the deed. These duties required the
trustee to collect the rents and pay them as directed by the
deed. The duty of the application of the rents, however,
does not necessarily confer on the trustee a fee. The quan-
tity of the estate depends upon the exigency of the trust
and the terms of the limitation. If required to collect and
pay the rents for a definite time or during the life of an
individual he will take an estate for years or for life, as
the case may be, but where this duty is for an indefinite
duration he will take the fee. (*West* v. *Fitz,* 109 Ill. 425.)
An instrument creating an estate to endure until a particu-
lar event occurs, the time of which cannot be ascertained,
as, so long as the coverture of A and B shall continue, so
long as a certain business may be carried on by the lessee,
or until the premises are sold, does not create an estate
for years. (1 Tiffany on Real Prop. sec. 45; *Melhop* v.
*Meinhart,* 70 Iowa, 685; *Lea* v. *Hernandez,* 10 Tex. 137.)
The trust created by the deed in question was not for the
definite period of fifteen years, but, if she were then liv-
ing, was for a further indefinite period extending until the
then existing debts of the grantor were paid, and the es-
tate was therefore a freehold which might extend beyond

328—6

the life of the trustee, (*Sperry's Lessee* v. *Pond,* 5 Ohio, 387; *Beeson* v. *Burton,* 12 C. B. 647;) and therefore, under our statute, the deed must be construed as conveying to the grantee a freehold of inheritance or fee, subject to be terminated by the performance of the trust in accordance with its terms.

The deed provided that the trustee should hold the title for the term of fifteen years unless the grantor should die before that time without leaving surviving issue, and paragraph 6 provided that if the grantor died before the termination of the trust without leaving surviving issue the trustee should convey to the grantor's heirs all the interest conveyed to him by the deed, which we have held to be the fee. If the grantor should die before the termination of the trust leaving issue surviving her, paragraph 5 provides that the trustee shall convey all the title vested in him by the deed and make a final accounting and report to such issue. Thus, in case of the death of the grantor, whether leaving issue or leaving no issue surviving her, before the trust has been terminated, whether before or after the period of fifteen years mentioned in paragraph 4, the deed provides for a conveyance of the title held by the trustee to the grantor's issue or to the grantor's heirs. It is a well established rule that whatever the form of the language of a conveyance to a trustee, the grantee will take whatever title is necessary for the execution of the trust and no more. (*Walton* v. *Follansbee,* 131 Ill. 147; *Reichert* v. *Missouri and Illinois Coal Co.* 231 id. 238; *Harvey* v. *Ballard,* 252 id. 57.) If a trustee is directed and empowered to convey land the legal estate necessarily vests in him, and if he is required to convey a fee the fee must be conferred upon him. (*McFall* v. *Kirkpatrick,* 236 Ill. 281; *Lawrence* v. *Lawrence,* 181 id. 248.) By the deed the appellee conveyed to the appellant all her interest in the premises. Her interest was a fee simple interest. The deed required the trustee, in the contingency just mentioned, to

convey to the appellee's issue or legal heirs all the interest by him taken, held and possessed in the premises under the deed. The execution of this portion of the trust necessitated an estate of freehold·in the trustee.

The bill alleges that on July 1, 1924, the appellee and her husband borrowed $6000, due September 1, 1929, and secured the payment of the loan by a mortgage on a part of the real estate conveyed to the appellant, in which the appellant, as trustee, joined, and the sum of $6000 so borrowed was paid to the appellant as trustee, and that out of that money, and other money received by him as rents for the real estate conveyed to him as trustee, the appellant paid, satisfied and discharged all money due to the beneficiaries under the trust created by the will of Fannie A. Buddemeier, and also all debts or obligations existing against the appellee, as mentioned in paragraph 2, clauses (b) and (d) of the deed, and that all the objects and purposes for which the trust was created have been accomplished, and the appellee is the only person now or at any time heretofore interested in the trust, and she desires that the trust be terminated and whatever right, title or interest the appellant received under the deed be re-conveyed to her. It is also alleged that the only estate, right or title conveyed to the appellant by the deed was the right to take possession of, hold and manage the real estate and rent or manage it, as in his judgment would be for the best interest of the estate of the appellee, for a period of fifteen years unless the appellee should die before fifteen years, or unless the debts, obligations, judgments, decrees or indebtedness of the appellee should not be paid by that time; that the trust was created solely for the benefit of the appellee, who was inexperienced in business and desired to be relieved temporarily from looking after her business; that the appellant was her uncle, in whom she had great confidence, and under the trust agreement as written the right to revoke and terminate the same existed in her at any time.

The demurrer admits all allegations of fact well pleaded in the bill but does not admit the pleader's inferences of law drawn from them or the construction placed by the pleader on the terms of the deed. The facts that the appellee and her husband borrowed $6000, and that this sum was paid to the appellant, and was used by him, together with other money received as rent for the real estate, to pay the beneficiaries under the trust created by Fannie A. Buddemeier's will and the debts of the appellee, are admitted, but the conclusions of the pleader as to the nature and extent of the rights conveyed by the deed,—that all the objects and purposes for which the trust was created had been acccmplished, that the appellee is the only person now or at any time heretofore interested in the trust, that the trust was created solely for her benefit and that she had the right to revoke and terminate it,—are not admitted. The deed contained no express power of revocation by the grantor and no terms from which a power of revocation can be implied. On the contrary, it provided for contingent interests which might under certain specified conditions come into existence during the period of fifteen years, materially affecting the trust and the duties of the trustee, of which the trustee was bound to take notice. These contingent rights cannot be disregarded. A purpose of the creation of the trust was, no doubt, in the interest of the grantor, to provide for the freeing of her lands at the expiration of fifteen years from any liens or any liability for her debts, but, taking notice of changes in conditions which might occur during that period, the grantor saw fit to provide for those changes, to impose upon the trustee different duties on account of such changes and confer rights upon beneficiaries who might, in the contingencies contemplated, succeed to her rights. It is to be noted that the debts mentioned in paragraph 4 of the deed are not the same debts as those mentioned in paragraph 2, but include, in addition thereto, judgments, decrees or other

liabilities which may be ripened into a lien existing at the end of the fifteen-year period. No judgments, decrees or liens upon the premises are mentioned in paragraph 2, and it is evident from a reading of the entire bill that no such judgments, decrees or liens then existed.

A trust created by a deed conveying property to the grantee to manage, receive the rents and pay the same to a particular person or for a particular purpose for a certain time and then apply the property to another designated purpose cannot be defeated by the subsequent acts of the grantor and the trustee. (*Williams* v. *Evans,* 154 Ill. 98; *Massey* v. *Huntington,* 118 id. 80.) A trust is created when no act is necessary to be done to give it effect and when the trust is fully and finally declared in the instrument creating it. A trust thus perfectly created and complete requires no consideration to support it. (2 Pomeroy's Eq. Jur. sec. 1001; 1 Perry on Trusts, sec. 98; *Massey* v. *Huntington, supra; Padfield* v. *Padfield,* 68 Ill. 210.) The allegation that out of the money borrowed and rents received the appellant has paid all money due the beneficiaries under the trust created by the will of Fannie A. Buddemeier, and also all debts and obligations existing against the appellee as mentioned in paragraph 2, clauses (*b*) and (*d*) in the deed, does not justify the conclusion of law that all the objects and purposes for which the trust was created have been accomplished. Where the beneficiaries of a trust are all competent to act and the trust estate is subject to no future contingencies and the beneficiaries have an absolute right to the trust estate the trust may be terminated by a contract of all the beneficiaries. (2 Perry on Trusts, sec. 920.) This, however, cannot be done against the objection of one beneficiary. (*Stephens* v. *Collison,* 274 Ill. 389.) Trusts cannot be terminated by agreement of the beneficiaries except in cases where the object of the trust has been practically accomplished and all the interests created by it have become vested. (*Anderson* v. *Williams,*

262 Ill. 308; *Johnston* v. *Gastman,* 291 id. 516.) While
the bill shows the object of the trust to relieve appellee and
her property from the burden and lien of her then exist-
ing indebtedness has been accomplished, it also shows that
the full purpose of the trust has not been accomplished,
that it is uncertain to whom, under the terms of the trust,
the title to the land is ultimately to pass, and that the deed
by which the trust was created reserved no power of revo-
cation to the grantor.

The demurrer to the bill should have been sustained.
The decree of the circuit court is therefore reversed.

*Decree reversed.*

Mr. JUSTICE FARMER, dissenting:

I cannot agree with the opinion of the court in this
case. If it be admitted the deed conveyed the fee to the
trustee for the purpose of enabling him to execute the trusts
created by it, when that had been accomplished the pur-
pose of the conveyance had been accomplished. The law
is well settled that whatever may be the language used in
a conveyance to a trustee he will take such title as is neces-
sary to enable him to carry out the trusts created. "His
[the trustee's] interest, therefore, is measured not by words
of inheritance or otherwise but by the object and extent
of the trust upon which the estate is given. * * * Al-
though a legal estate may be limited to a trustee to the full-
est extent as to him and his heirs, yet it shall not be car-
ried farther than the complete execution of the trust neces-
sarily requires." (*Walton* v. *Follansbee,* 131 Ill. 147.) "A
trustee takes precisely that quantum of legal estate which
is necessary to the discharge of the declared powers and
duties of such trustee, regardless of technical terms ordi-
narily required for a conveyance." (*Reichert* v. *Missouri
and Illinois Coal Co.* 231 Ill. 238.) "Where the evident
purpose of a trust is the accomplishment of a particular
object the trust will terminate so soon as that object has

been accomplished, and the fact that a fee is given to the trustee does not show the testator's intention that the trust estate shall continue after the active duties connected with the trust have been accomplished." (*Kohtz v. Eldred,* 208 Ill. 60.) "When land is conveyed or devised to one person as trustee for another, the trustee will take an estate of a quantum sufficient to enable him to carry out the purposes of the trust irrespective of whether the language of the limitation in his favor is in itself sufficient to give him such an estate. On the other hand, although the language of the limitation is in itself sufficient to give to him an estate in fee simple, he will actually take such an estate only as is necessary to enable him to carry out the purposes of the trust." (1 Tiffany on Real Prop. p. 390.) "An express trust will come to an end so soon as the time arrives at which the creator intended it should come to an end,—an idea which is otherwise expressed by the statement that it comes to an end when the purposes of the trust are accomplished." (Ibid. p. 424.)

The conveyance to the trustee was for fifteen years, and, if the trusts had not then been discharged, to continue until that purpose had been attained, and when that had been done the purpose of creating the trust had been accomplished. The only purpose of the trust was to cause to be paid the Fannie A. Buddemeier charges against the land and debts of the grantor "now existing against the said Gladys B. Long until such present existing debts and obligations are satisfied and paid; but this shall not extend to any debts or obligations which may accrue against her subsequent to this date and which are not now in existence." Paragraph 4, as I understand the deed, has not the slightest bearing upon the question here involved for determination.

When the trust had been performed, although fifteen years had not elapsed, no other duties were required of the trustee, and there was no reason why he should longer have

title to and control of the property. Equity will not continue a trust for the benefit of the trustee. The opinion of the court says the deed did not reserve power to the grantor to revoke or terminate but provided for contingent interests which might come into existence. The contingency upon which such interests might come into existence was the death of the grantor before the trusts were satisfied. That they were satisfied before the expiration of the fifteen-year period is admitted by the demurrer. The opinion says those contingent rights cannot be disregarded; that the grantor imposed upon the trustee duties on account of changes in conditions which might occur and rights upon beneficiaries who might, in the contingencies contemplated, succeed to her rights. Gladys B. Long is still living. The trusts created by her by the conveyance have been completely discharged and satisfied, and the contingency upon which her issue or heirs might succeed to her rights if she died before the trusts were executed can now never happen, and the condition upon which contingent interests might arise in others upon the grantor's death before the trusts were discharged became an impossibility when that was accomplished during her lifetime. Whatever title the trustee acquired, it was only for the purpose of executing the trust, and I do not understand the law will permit a trustee to hold title to and control of land after the duties for which he was created trustee have been executed. In my view it was not necessary for the grantor to reserve powers of revocation or to terminate the trusteeship in the deed. The law terminated the trusteeship and the estate held by him when the objects and purposes for which he was created trustee had been fully accomplished. I think the decree of the circuit court should be affirmed.

Mr. JUSTICE THOMPSON, also dissenting.