JOHN M. WORLEY, Appellant, *vs.* JOHN CRAWFORD *et al.* Appellees.

*Opinion filed December 21, 1911.*

1. EJECTMENT—*only legal titles can be tried in ejectment suits.* In an ejectment suit only legal titles can be tried, and the defendants cannot avail themselves of the claim that the plaintiff's grantor, though holding and conveying the record title without restriction, was not the equitable owner of the land and that his deed did not vest the equitable title in the plaintiff.

2. SAME—*when proof of possession by plaintiff is not essential to recovery.* If the plaintiff in ejectment makes a *prima facie* case by proving that the legal title of record is in him, his right to recover does not depend upon whether he is able to prove possession or not, where the defendants do not dispute the record title and wholly fail to establish their claim of title by adverse possession under the Statute of Limitations.

3. SAME—*when testimony that plaintiff's grantor held land in trust is not admissible.* Where the record title is in plaintiff's grantor without restriction and he conveys such title unconditionally to the plaintiff, the testimony of the grantor is not admissible in a subsequent ejectment suit to show that he held title to the land in trust for a certain railroad company.

APPEAL from the Circuit Court of Douglas county; the Hon. SOLON PHILBRICK, Judge, presiding.

JOHN H. CHADWICK, and JAMES W. & EDWARD C. CRAIG, for appellant.

OUTTEN, ROBY, EWING & McCULLOUGH, and CHARLES G. ECKHART, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an action of ejectment brought by appellant against appellees in the circuit court of Douglas county to the March term, 1909. The declaration alleges that appellant, (plaintiff,) on July 1, 1907, was possessed of all of block A in the original town of Hindsboro, Douglas county, (except the west two hundred feet thereof,) which the plaintiff claimed in fee, and being so possessed the defendants entered into the same, ejected the plaintiff therefrom and unlawfully hold possession. The defendants pleaded the general issue, only. The case has been twice tried in the circuit court without a jury. At the first trial a judgment was rendered for plaintiff. The defendants moved for and were granted a new trial under the statute. The case was then again tried at the March term, 1911, without a jury, the same judge presiding, and resulted in a finding and judgment for defendants, and plaintiff appealed.

On the trial of the case appellant introduced in evidence an affidavit, in which he stated that he and appellees claimed title through a common source, one Francis M. Hinds. No denial of the common source of title was made by appellees. The proper foundation being laid, appellant introduced in evidence a certified copy of a deed from Francis M. Hinds to Robert G. Hervey, dated June 4, 1875, for the premises in controversy; also a deed from Robert G. Hervey to the appellant, dated June 19, 1883, conveying "all the real estate now owned by the grantor in the town of

Hindsboro, Douglas county, Illinois, except such lots as have heretofore been improved by parties upon agreement upon the part of said Hervey to convey to them." That the premises in controversy were not embraced in the exception made in the deed of lots previously contracted by the grantor is not questioned by appellees, nor is it denied that the grantor, Hervey, owned the legal title at the time he made the conveyance to appellant. Neither is it denied that the description in the deed was sufficient, in connection with oral proof, to divest Hervey of the legal title and vest it in appellant. There being no denial of the common source of title the introduction of the deeds made a *prima facie* case for appellant, and he would be entitled to judgment unless his *prima facie* case was overcome either by proof of title in appellees or of outstanding title in a third party.

To overcome appellant's title, appellees proved by Hervey that he was the owner of the stock in certain corporations organized for the purpose of building lines of railroad between Peoria and Decatur, between Decatur and Paris, Illinois, and between Paris and Terre Haute, Indiana. No roads were built by these corporations but they were taken over by and merged into the Illinois Midland Railroad Company. The stock of the Midland company was all owned by Hervey and he proceeded to procure the right of way and build the road. A station named Hindsboro was located on land belonging to Francis M. Hinds. The village of Hindsboro was laid out at the place where the station was located. The right of way through the village was conveyed to the railroad company. The conveyance of the premises in controversy was made by Hinds to Hervey. The court permitted Hervey to testify that the conveyance made by Hinds to him of the premises was in trust for the Midland Railroad Company and that he held the title in trust for that company. Appellant objected to the introduction of this evidence, but the court, without ruling upon

its competency, announced he would hear it subject to the objections made. Appellees also introduced evidence to prove that the Midland Railroad Company took possession of the premises in dispute, or parts of them, in 1875 and has continued in possession thereof ever since. The railroad was built through Hindsboro in a south-easterly and north-westerly direction. Block A is on the southerly side of the railroad and abuts upon the right of way. There are eight lots in the block, each one hundred feet square, except the east lot, the east line of which is a straight north and south line and makes that lot triangular in shape, much narrower on the north than on the south side.

The claim of title by each of the parties being from a common source, it was only necessary for appellant to prove title in himself from that source. That he did this is beyond question. Hinds, the common source, conveyed the premises to Hervey. No conditions or limitations were expressed in the deed. Hervey conveyed the premises unconditionally to appellant. The testimony of Hervey that he held the title in trust for the Midland Railroad Company was not admissible in this proceeding to show that the deed from him did not vest the title in his grantee. Legal titles, only, can be tried in ejectment suits. *Walton* v. *Follansbee,* 131 Ill. 147; *Dawson* v. *Hayden,* 67 id. 52.

Appellees also sought to prove that parts of the premises have been in the adverse possession and occupancy of the railroad company continuously since 1875. Appellant claimed, and sought to prove, that he had possession of block A, except the west two lots, which are not now in controversy, since he received the deed from Hervey, on June 19, 1883, until 1908, when appellees entered upon and took possession of the premises. Upon the question who had been in possession for twenty years, and the character of the possession, the evidence was conflicting. On behalf of appellees Hervey testified, on direct examination, that the premises were occupied by the railroad company at the

time he made the deed to appellant. He testified he could not be positive, but his recollection was that at that time there were a coal yard and an elevator on the premises and each lot of block A was occupied by the railroad company. On cross-examination Hervey stated it was his recollection that buildings, such as coal yards and lumber yards, were placed on several of the lots by the railroad company or its lessees, but he could not be positive as to details and could not tell the location of the buildings. A witness named Welch testified for the appellees that he first knew block A in 1889 or 1890; that Pratt & Co., of Decatur, then had on the east end of the block an oats crib one hundred feet long and sixteen feet wide and also two cribs ten feet wide, but they did not occupy them very long; that the same premises and buildings were then next occupied by B. S. Tyler, and he was succeeded by Wright, who was, or had been, a buyer for Pratt & Co. Witness also testified that at one time (date not given) George F. Powers occupied part of the west end of the block with lumber sheds; also that at one time there had been a calaboose or village jail on part of the block. Witness did not know under whom any of the parties named by him occupied the premises except George F. Powers, who leased a part of the premises from the railroad company in 1899. Appellees introduced in evidence a lease from the Terre Haute and Indianapolis Railroad Company to B. S. Tyler, dated in 1895, for the east end of block A, which included the three lots at the east end of the block. The lease was at the will of the lessor, and was subject to determination by the lessee at any time upon ten days' notice. Appellees also introduced in evidence two leases from Volney T. Mallott, receiver of the Vandalia Railroad Company, to George F. Powers for parts of block A near the middle of the block. These leases were dated in 1899. They also introduced a lease from the Vandalia Railroad Company to the Crawfords for part of said block A, which was dated in 1905.

There is nothing in the record to show when or how the Terre Haute and Indianapolis or the Vandalia Railroad Company came into possession or became interested in the Midland Railroad Company or its property. We can only infer from the fact that the Terre Haute and Indianapolis and the Vandalia Railroad Company appear to have assumed control and management of the Midland Railroad Company that they succeeded to its rights, franchises and property. Appellees attempted to prove payment of taxes by the railroad company from 1893, but the evidence offered wholly failed to sustain this claim. They make no claim that the railroads mentioned were in the possession of the whole of the premises in controversy for twenty years and admit the legal title was in appellant. They also admit appellant has been in actual possession of part of the premises since he acquired title, but contend that appellees have been in possession of parts of the premises during all of that time and that the village has been in possession of other parts of said premises, and therefore judgment was properly refused appellant for those parts of the premises it is claimed he had not been in possession of after obtaining the deed from Hervey, and as to those parts of said block which he had been in possession of, they were not sufficiently described in his deed or in the evidence to enable the court to render judgment in his favor therefor and order a writ of possession to issue.

We do not deem it necessary to refer more than briefly to appellant's evidence on the subject of possession. He testified, and introduced other evidence in corroboration, that he took possession of the premises upon obtaining the deed from Hervey, and that personally or through his tenants he had continued in possession until ousted by appellees, in 1908. He testified he built cribs and a blacksmith shop on parts of the premises and rented parts of said premises for truck patches, and that he had paid the taxes every year. Appellant, however, was not required to prove

possession in himself for twenty years. His proof on this question was material only to contradict the claim of appellees to twenty years' possession. Appellant claimed and relied upon proof of legal title of record in himself. Unless the proof of this title in him was overcome by appellees he was entitled to judgment. While appellees do not specifically say the proof of possession in them was offered for the purpose of establishing title by twenty years' adverse possession, we cannot see the relevancy of their evidence on that subject upon any other theory. As we have before stated, they could not in this suit avail of the claim that Hervey was not the equitable owner of the premises and that his deed did not vest the equitable title in appellant, as a defense. We will assume, therefore, that the attempt to prove possession in appellees of portions of the premises for more than twenty years was made for the purpose of proving title by twenty years' adverse possession. If this is incorrect, then they offered no evidence that even tended in any degree to defeat the case made by appellant. If the twenty years' Statute of Limitations is relied on, then the appellees' evidence, which we have briefly outlined above, wholly failed to establish the defense by the degree of proof required by law. (*Zirngibl* v. *Calumet and Chicago Dock Co.* 157 Ill. 430; *Roby* v. *Calumet and Chicago Dock Co.* 211 id. 173; *Davis* v. *Howard,* 172 id. 340; *White* v. *Harris,* 206 id. 584.) Appellant having proved legal title in himself, his right to recover did not depend upon whether he had ever been in possession or not, unless the defense of the Statute of Limitations was interposed. The evidence offered by appellees was insufficient under either the seven years or twenty years' Statute of Limitations to defeat appellant's right to recover.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*