June Briskin, Petitioner, v. Briskin Manufacturing Company, an Illinois Corporation, Lester I. Briskin and Elmer Kaplan, Defendants.

Briskin Manufacturing Company, an Illinois Corporation, Lester I. Briskin and Elmer Kaplan, Counterplaintiff-Appellants, v. June Briskin, Counterdefendant-Appellee.

**Gen. No. 53,308.**

First District, First Division.

September 15, 1969.

Rehearing denied October 23, 1969.

Russell J. Topper and Paul Freeman, of Chicago, for appellants.

Ruskin and Rosenbaum, of Chicago (Harry H. Ruskin and Martin L. Bogot, of counsel), for appellee.

MR. PRESIDING JUSTICE ADESKO delivered the opinion of the court.

Defendants appeal from an order sustaining petitioner's amended motion to strike and dismiss the defendants' counterclaim. Petitioner, June Briskin, sought a writ of mandamus directed to Briskin Manufacturing Company, an Illinois corporation, Lester I. Briskin, its president, and Elmer Kaplan, its secretary, to permit petitioner to examine books and records of accounts, minutes and records of shareholders of said corporation and to recover from each of the three defendants, a penalty equal to ten percent of the value of the petitioner's shares, provided by section 157.45 of chapter 32 of the Ill Rev Stats (1967). All of the defendants answered the petition for the writ and as part of the answer, defendants Briskin Manufacturing Company and Lester I. Briskin, individually, and as officer and director of said company, filed a counterclaim seeking $100,-000 as compensatory and exemplary damages from petitioner, with costs and expenses including attorney fees, pursuant to section 41 of the Civil Practice Act.

The counterclaim was based on the ground that the petitioner unlawfully misused and maliciously abused the judicial processes. She was charged with exposing the company and the Briskins to the instant mandamus suit and other judicial proceedings in various courts. The counterplaintiffs further charged that the purpose of the mandamus suit was to harass and coerce them into purchasing petitioner's shares of stock in the Briskin Company.

Petitioner, June Briskin, moved to strike and dismiss the counterclaim because it introduced matters not germane to the petition for mandamus, that it failed to state a cause of action and that the various legal proceedings allegedly commenced by the petitioner were released.

In support of her motion, Petitioner's attorney attached his affidavit which stated that he advised her that she had an independent right to attack the validity of a trust created by her deceased husband prior to their marriage as a fraud on her marital rights; that she then presented a petition to be dismissed in her individual capacity from the suit brought by the executor of her husband's estate so that she would not be bound by the proceedings therein and that thereafter she filed an independent action in her individual capacity against Lester I. Briskin attacking the validity of said trust. This was the only suit or other proceeding brought by her in her individual capacity. His affidavit further stated that the intervening petition against the executor and its attorneys and the appeal to the First District of the Appellate Court were filed by her as guardian of her child and her action therewith was approved by the probate Division of the Circuit Court. Said affidavit concluded that the various legal proceedings involving the petitioner, June Briskin, were concluded after pretrial conferences and settlement negotiations by a decree of court.

Defendants-appellants contend that the counterclaim stated a cause of action in malicious use or abuse of process either for the many causes unsuccessfully prosecuted without probable cause or for the "special injury" or "special injustice" inflicted by such defeated actions based on false charges of fraud, conspiracy and illegalities against them. In Ammons v. Jet Credit Sales, Inc., 34 Ill App2d 456, 181 NE2d 601 (1962), it was stated:

"In civil cases where actions for malicious prosecution do lie, one of the essentials which must be established is the legal termination of the prosecuted suit in the plaintiff's favor."

In March v. Cacioppo, 37 Ill App2d 235, 185 NE2d 397 (1962) the court added:

412

"Other essentials are the malicious motives of the defendants and the lack of probable cause, 'a prosecution upon a demand or accusation that has no foundation in fact.'"

Furthermore, in Caspers v. Chicago Real Estate Board, 58 Ill App2d 113, 206 NE2d 787 (1965), this court stated that allegations of annoyance, distress and harm to business experienced in defending an alleged unjust suit are not the type of circumstances that qualify either for a claim of "special injury" to sustain an action for malicious prosecution or to establish an ulterior purpose as an essential element for a cause of action in abuse of process.

None of these essential requirements necessary to the maintenance of a cause of action for malicious use of process or malicious prosecution are present in the counterclaim here involved. The litigations in which the petitioner became a party either as an intervenor or as a plaintiff were terminated by compromise, settlement and agreement of the parties. In Hargadine v. Sharkey, 8 Ill App2d 209, 131 NE2d 134 (1956), the Appellate Court stated at pages 226–227:

"The law is that where an action is terminated by agreement or consent of the parties thereto or by the procurement of the defendant to that action as a matter of favor, there is no such termination as is necessary to support an action for malicious prosecution."

 Defendants further claim that petitioner's purpose for demanding and seeking by mandamus an examination of corporate books and records are not those alleged but "to harass and obstruct the management of the corporate business and affairs for the dominant ulterior purpose of coercing" a purchase of her shares. A

reading of the petition for mandamus does not show any allegation that the purpose of the petition was other than the purpose for which it was designed—to compel the production of the corporate books. There is no showing of any irregular use of process or abuse of process.

We are mindful of the fact that appellant's reply brief has questioned the appellee's argument that the counterclaim presents matters not germane to the purpose of the mandamus proceeding. Section 2 of the Mandamus Act provides in part: "No matters not germane to the distinctive purpose of the proceeding shall be introduced by joinder, counterclaim or otherwise." (C 87, § 2, Ill Rev Stats 1967.) The purpose of the petition for mandamus in the matter before us was to enforce the petitioner's right to examine the corporate books and records of the Briskin Manufacturing Company. The relief sought by the counterclaim was for money damages and has no relation to petitioner's right of examination. It is not germane to that purpose and was properly dismissed.

Having affirmed the order of the trial court, it will be unnecessary to consider the third part of the appellee's brief in which it is alleged that appellant's brief violates rules of the Supreme Court and is replete with misstatements of fact.

The order sustaining petitioner's amended motion to strike and dismiss the defendants' counterclaim is affirmed.

Affirmed.

MURPHY and BURMAN, JJ., concur.