KOHL OUTDOOR ADVERTISING, INC., Plaintiff-Appellee, v.
THE DEPARTMENT OF TRANSPORTATION et al., Defendants-Appellants.

Second District   No. 78-367

Opinion filed June 4, 1979.

William J. Scott, Attorney General, of Chicago (Richard A. Redmond, Leonard W. Golan, and Robert C. Thomas, Special Assistant Attorneys General, of counsel), for appellants.

Robert B. Bennorth, of Wheaton, for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Kohl Outdoor Advertising, Inc. (KOHL), brought an action in mandamus to compel the Illinois Department of Transportation and its officers (IDT) to reissue a State permit for a billboard, which permit had been revoked; and also sought an injunction restraining IDT from removing the billboard. After a hearing the trial court entered an order denying the relief sought by KOHL. The court also denies IDT's request in its counterclaim that the court declare the Department to be the owner of the sign and ordered that the structure could remain in its present position until such time as it was removed (ostensively by KOHL). IDT appeals, contending that the court erred in permitting the billboard to stand after finding that IDT was not required to reissue its permit. We agree.

The case arises out of the application of the Illinois Highway Advertising Control Act of 1971. (Ill. Rev. Stat. 1977, ch. 121, par. 501 *et seq.*) The two highway billboards are located in the northeast quadrant of the intersection of North Avenue (Illinois Route 64) and Illinois Route 53 in unincorporated Du Page County. In March of 1973 KOHL constructed a billboard located some 284 feet east of the right-of-way of Route 53 and 117 feet north of the center line of North Avenue. On May 30, 1973, KOHL applied for and obtained a permit from IDT to erect the sign pursuant to section 8 of the Act (Ill. Rev. Stat. 1977, ch. 121, par. 508) which in general provides that no such billboard may be erected without first obtaining a permit from the Department. The application stated that the proposed sign was 485 feet from the nearest existing sign. This ostensively would comply with section 6.03 of the Act which as here material provided that the signs could not be erected less than 300 feet apart. On December 27, 1976, IDT notified KOHL that the permit issued in 1973 was being revoked because an inspection revealed that the sign was within 300 feet of a pre-existing sign and therefore in violation of the Act. The pre-existing sign referred to by the Department was known as the "Gauger" sign which was 254 feet east of the right-of-way line of Route 53 and 137 feet north of the center line of North Avenue, making the KOHL sign some 30 feet east of the Gauger sign. KOHL was notified to remove the sign within 30 days or advised that it would be removed by and become the property of the State. KOHL's suit followed.

There was testimony on behalf of the Department that Gauger had built his sign in 1957 and registered it with the Department of Transportation on November 21, 1972. There was photographic evidence that the Gauger sign was standing in January, September and November of 1973 and testimony that it had always remained in the same position

since its erection. Essentially KOHL presented testimony that the Gauger sign was not in the same position now as it had been when the KOHL sign was erected.

The trial court found that KOHL was required to and failed to prove that the Gauger sign *was not* present when it erected its sign and therefore could not prevail in the mandamus action. However, the court also found that IDT was also required to and failed to prove on its counterclaim that the Gauger sign *was* present when the plaintiff obtained its permit and erected its sign.

■■ We first conclude that the trial court properly refused to issue a writ of mandamus to require IDT to reissue its revoked permit. Mandamus is an extraordinary remedy and will not be awarded unless a clear right to the writ is shown. (*Bengson v. City of Kewanee* (1942), 380 Ill. 244, 250-51; *Cooper v. Village of Lincolnshire* (1969), 108 Ill. App. 2d 251, 255-56.) No such clear right was shown here and, in fact, KOHL has not challenged that portion of the order either by filing a cross-appeal or in its argument.

■■ Based upon the unsuccessful challenge to the refusal of the Department to reissue a permit for the billboard the statutory provision should have been permitted to operate. Section 10 of the Act (Ill. Rev. Stat. 1977, ch. 121, par. 510) provides in substance that signs "without valid permits" are unlawful and constitute a public nuisance. The section further provides:

> "Each sign declared by this Section to be unlawful and a public nuisance shall be removed or brought into compliance with this Act by the owner, without compensation, within 30 days after receipt of notice by certified mail from the Department, such notice period to be computed from the date of mailing. * * * Any signs not so removed by the owners or any such signs which are removed and re-erected illegally by the owners shall become the property of the State and shall be removed and disposed of by the Department or may be painted over by the Department. The Department is also granted authority to enter upon private property for these purposes."

Therefore, the trial court's order allowing KOHL's sign to remain violates the Act because it allows a sign not entitled to a permit to remain standing without one in violation of section 8 of the Act and because it precludes the Department from removing an illegal sign, in clear violation of section 10 of the Act.

■■ ■ The trial court reached the unusual result which it did in this case apparently because the case came to it in the posture of not only the mandamus suit but the counterclaim for declaratory judgment. The trial court was of the opinion after hearing all of the testimony that

while KOHL did not prove that it had the right to the extraordinary writ of mandamus neither did IDT sustain its "burden" of proving its counterclaim. The court thereby erroneously placed the burden upon IDT of proving that the Gauger sign was present when KOHL obtained its initial permit and erected its sign merely because the Department was the moving party in the pleading. However, in spite of that posture of the case the only burden which we perceive to be upon IDT under the statute is that the record show that it exercises discretion in revoking the permit and that the sign owner has been unsuccessful in his attack on the exercise of that discretion. This burden was satisfied when the court denied KOHL relief which would have required the IDT to reissue its permit. IDT was thereupon entitled to a declaration that it had the rights afforded it under the statute.

■■ In substance, once the final decision had been made by the Department it was subject to review in a circuit court only by common law writ, here mandamus. See *Sullivan Outdoor Advertising, Inc. v. Department of Transportation*, 420 F. Supp. 815, 821 (N.D. Ill. 1976).

The judgment of the trial court which denied the writ of mandamus to KOHL is affirmed, but the remaining portion of the judgment is reversed and the cause is remanded with instructions to enter judgment in accordance with section 10 of the Act and consistent with this opinion.

Affirmed in part, reversed in part and remanded with directions.

GUILD, P. J., and WOODWARD, J., concur.