BEVERLY NUGENT, Trustee, Plaintiff-Appellee, *v.* RIEMORE NUGENT COLLINS *et al.*, Defendants-Appellants.

First District (1st Division)   No. 79-1945

Opinion filed October 20, 1980.

Bilandic, Neistein, Richman, Hauslinger & Young, Ltd., of Chicago (Harry A. Young, Jr., Ronald G. Silbert, Alan Rosen, and Gayle F. Haglund, of counsel), for appellants.

Schumacher, Jones, Vallely, Kelly & Olson, of Chicago (H. Barringer Pusch and Richard A. Marsh, of counsel), for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

This litigation involves the capital stock of two Illinois corporations: Midwest Machinery Movers (Midwest) and Mechanical Wallmaster, Inc. (Mechanical). The stock at issue consists of 15 shares of Mechanical and 100 shares of Midwest. It is undisputed certificates reflecting these shares were issued to "John A. Nugent Trust, John A. Nugent, Trustee." John A. Nugent died on January 11, 1979. Beverly Nugent (plaintiff) is his surviving spouse and executor of his estate.

The litigation here involved was commenced on April 25, 1979, when plaintiff filed suit against Midwest, Mechanical and Riemore Nugent Collins (defendants). After trial, a judgment order was entered finding the John A. Nugent trust is the owner of the shares in question and plaintiff is the lawful successor trustee of said trust. The court directed that Midwest and Mechanical be required to hold shareholders meetings; and that one-half of the stock of Midwest and Mechanical be reissued to plaintiff as successor trustee. This appeal by defendant Collins, Midwest and Mechanical followed.

In this court the defendants contend plaintiff did not have a clear legal right to the issuance of a writ of mandamus because she was not a shareholder of record when she commenced the action; plaintiff was obliged to establish her right to become a shareholder before being entitled to the writ; plaintiff failed to prove annual meetings of the

shareholders were due to be held when she filed her suit; plaintiff did not establish a clear legal right to issuance of half of the corporate stock to her as successor trustee of the John Nugent trust; and the trial court erred in preventing defendants from raising affirmative defenses.

The size of the record and the length of the briefs before us make the formulation of a correct factual statement a difficult task. In our opinion, much of the evidence is extraneous. However, the record does show the following facts. The John A. Nugent trust agreement was dated February 19, 1959. The trust was the owner of record of 100 shares of Midwest and 15 shares of Mechanical. There is also in existence a Riemore Nugent trust created by a trust agreement dated February 19, 1959. The trustee thereof was formerly Riemore E. Rosauer. The present duly acting trustee thereof is Riemore Nugent Collins, defendant. The deceased John A. Nugent and defendant are half brother and sister.

Testimony was given by an auditor who was familiar with the affairs of both corporations and by one of the attorneys for plaintiff who had examined all of the corporate records involved. The United States Corporation income tax returns filed by these corporations for 1974 to 1977 inclusive indicate that each of the trusts is the owner of one-half of the outstanding corporate stock. The attorney's testimony traced the corporate history of both corporations. As regards Midwest, the corporation is a result of several mergers. However, it appears from the record before us that the total outstanding shares of stock in Midwest are 200 which are equally divided as regards registered ownership between the John A. Nugent trust and the Riemore Nugent trust.

Prior to the death of John A. Nugent he was trustee of the trust, and he was the president and a director of both corporations. On January 12, 1979, defendant Collins, acting as the sole director, elected herself acting president and also elected a vice president and secretary for both corporations.

Plaintiff offered in evidence an executed copy of the John A. Nugent trust. This document provides plaintiff is designated as first successor trustee in event of the death of the original trustee. During the pendency of this appeal, plaintiff located an original executed copy of the agreement. Plaintiff made a motion in this court to supplement the voluminous record by addition of this executed original. This court being satisfied by examination of both documents that the executed carbon copy received in evidence is in fact a true and correct copy, we have denied the motion as unnecessary. It also appears that on March 20, 1979, plaintiff accepted her designation as successor trustee. On or about March 6, 1979, plaintiff sent similar notices to the shareholders of both corporations purporting to call a special meeting of shareholders. Plaintiff also sent notices on March 27, 1979, calling an annual meeting of shareholders. The complaint for

*mandamus* prays for a direction that both corporations hold annual meetings of shareholders. Additional facts will be discussed as required.

Defendants' first four contentions deal with the alleged failure of plaintiff to prove her legal right to a writ of *mandamus.* "Mandamus is an extraordinary remedy and will not be awarded unless a clear right to the writ is shown." *Kohl Outdoor Advertising, Inc. v. Department of Transportation* (1979), 72 Ill. App. 3d 413, 415, 390 N.E.2d 950.

### I.

Defendants first argue plaintiff had no clear right to *mandamus* because plaintiff did not attempt to reregister the shares in her name upon the death of John A. Nugent and therefore, she was not the shareholder of record. Defendants depend upon section 30 of the Illinois Business Corporation Act which provides, in part (Ill. Rev. Stat. 1979, ch. 32, par. 157.30):

> "Shares standing in the name of a deceased person, a minor ward or an incompetent person, may be voted by his administrator, executor, court appointed guardian or conservator, either in person or by proxy without a transfer of such shares into the name of such administrator, executor, court appointed guardian or conservator. Shares standing in the name of a trustee may be voted by him, either in person or by proxy."

In our opinion, despite the fact the stock of both corporations was actually in John A. Nugent's name and was not reregistered in plaintiff's name at the time this suit was commenced, plaintiff, as successor trustee, had clear legal right to vote the stock. While the books of the corporation do not show a change of ownership of the stock, the right to vote the stock and all other rights incident to ownership thereof were transferred by operation of law to plaintiff, as the successor trustee, upon the death of John A. Nugent. (See Bogert, Trusts & Trustees §532 (2d ed. 1978), citing *Reichert v. Missouri & Illinois Coal Co.* (1907), 231 Ill. 238, 83 N.E. 166.) The physical act of reregistering the stock would have been purely ministerial since it would be "absolute, certain and imperative, involving merely the execution of a set task * * *." *Peabody v. Sanitary District* (1928), 330 Ill. 250, 257, 161 N.E. 519.

In addition, tender of the stock certificate by plaintiff to the corporation for transfer would have been a useless act. John A. Nugent's death left both corporations without a president to approve the transfer or sign new certificates. Section 34 of the Business Corporation Act (Ill. Rev. Stat. 1979, ch. 32, par. 157.34) provides the number of directors may not be less than the number of shareholders. Therefore, defendant Collins did not have authority as "sole director" to appoint new officers. It follows any attempt of plaintiff to reregister the shares would have been futile.

## II.

Defendants next argue plaintiff did not prove: first, that she was the successor trustee of the John A. Nugent trust; and, second, that the John A. Nugent trust owned 50 percent of the outstanding shares of the corporations. As above pointed out, the trust agreement clearly designates plaintiff the successor trustee. Also the ownership of the stock of Midwest and Mechanical appears beyond reasonable doubt. We reject this contention of defendants.

## III.

Defendants contend no annual meetings of the corporations were due to be held when plaintiff made her demand or when she filed suit. Defendants claim there had been a meeting at a hospital in Minnesota sometime in November 1978 so that the next annual meetings were not due to be scheduled before September 25, 1979, for Midwest and October 21, 1979, for Mechanical.

The corporate records produced by defendants do not reveal minutes of any annual meetings subsequent to August 31, 1976. Plaintiff, who had previously been a director of both corporations, testified the last meeting of either corporation was "about two years ago." She further stated defendant Collins did visit John A. Nugent in the hospital in November 1978 and plaintiff was present at the time but "[t]here was no meeting at all." There was no evidence presented to rebut plaintiff's testimony. Annual reports were filed with the Secretary of State through 1979, but these reports do not indicate that an annual meeting was held. Therefore, we concur with the finding of the trial court that plaintiff properly requested the corporations to hold annual meetings when she served notice and commenced suit.

## IV.

Defendants also argue the trial court erred by ordering Midwest and Mechanical to reissue 50 percent of the outstanding shares of both corporations to plaintiff as the successor trustee of the John A. Nugent trust. In addition to repeating the arguments above rejected, defendants state there were restrictive endorsements on the stock certificates, and plaintiff did not pray for this relief in her complaint.

■■ The restrictions on the stock certificates state the stock is not transferable without consent of the parties to a certain security agreement. However, this endorsement does not affect the ownership of the stock by the trustee of the John A. Nugent trust. The stock held in the trust was never actually transferred but devolved upon plaintiff by operation of law. Also, while plaintiff did not specifically pray for this relief in her complaint, the trial court had the power to order the

reissuance of shares in plaintiff's name. Section 34 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 34) provides "the prayer for relief does not limit the relief obtainable * * *." "Courts may disregard labels, and may grant relief to which a plaintiff is entitled upon the evidence." (*In re Male Child Ritchie* (1978), 58 Ill. App. 3d 1045, 1051, 374 N.E.2d 1292, *appeal denied*, (1978), 71 Ill. 2d 614.) We find no error here.

V.

Finally, defendants contend that even if plaintiff established her clear legal right to the writ, the trial court erred in refusing to allow defendants to raise certain affirmative defenses. The first defense was that a proceeding brought by a third party was pending in the chancery division of the circuit court contesting the ownership of stock that plaintiff claimed to own. This chancery suit was brought by one William Rosauer against plaintiff in this action in her capacity as "Executor of the estate of John A. Nugent, and as Trustee of the John A. Nugent Trust." William Rosauer prayed for judgment that his trust be declared the owner of the stock which plaintiff claimed to own as trustee of the John A. Nugent trust and for an accounting of all funds claimed improperly from the corporation. Defendant Collins filed a petition to intervene in this chancery action.

The second defense was that the defendant corporations had substantial claims against plaintiff and John A. Nugent, deceased. These defenses were stricken by the trial court prior to trial.

Section 2 of the Mandamus Act (Ill. Rev. Stat. 1979, ch. 87, par. 2) states, in part: "No matters not germane to the distinctive purpose of the proceeding shall be introduced by joinder, counterclaim or otherwise." Defendants claim these defenses were germane to the purpose of the proceeding and thus, the trial court should have allowed defendants to raise them.

Defendants rely on *Lenit v. Powers* (1969), 120 Ill. App. 2d 411, 257 N.E.2d 142, *appeal denied* (1970), 44 Ill. 2d 584. There, this court approved the trial court's dismissal of a *mandamus* petition despite the fact petitioner had shown a "clear legal right" to the issuance of a writ to compel the calling of an annual meeting of the defendant corporation. When the *mandamus* action was filed, there was a pending declaratory judgment action involving the same parties as in the *mandamus* action. This court ruled (120 Ill. App. 2d 411, 422):

> "However, despite a clear right to a writ of mandamus, the court, in view of the consequences accompanying its issuance, did not abuse its discretion in denying the petition. A meeting was not necessary to promote substantial justice; the occurrences at a meeting might have directly interfered with another judicial pro-

ceeding then pending and there might have been confusion and disorder."

*Lenit* is distinguishable from the instant case. There, the purpose of demanding an annual meeting was to oppose an action sought by the declaratory judgment suit. Petitioners could have accomplished their purpose "through opposition to the declaratory judgment action * * *." (120 Ill. App. 2d 411, 422.) Thus, the second action was not only germane to the purpose of the *mandamus* proceeding, but also served as a bar to the issuance of a writ. Here, plaintiff could not possibly obtain the relief requested, the right to vote her shares and to have the trust represented on the board of directors, by defending the chancery action. Further, the chancery action would not be "directly interfered with" by the issuance of the writ. The two actions in the case at bar involve different parties and different issues. As mentioned previously, defendants here were not original parties to the chancery suit.

■■ In summary, these purported defenses were not germane to the purpose of the *mandamus* proceeding. The findings of fact made by the trial court have no bearing on whether William Rosauer is entitled to ownership of the shares or whether the defendant corporations have claims against plaintiff or the estate of John A. Nugent. (See *Cohen v. Schlossberg* (1958), 17 Ill. App. 2d 320, 327, 150 N.E.2d 218; *Briskin v. Briskin Manufacturing Co.* (1969), 114 Ill. App. 2d 410, 414, 252 N.E.2d 678.) The trial court acted with complete legal propriety in striking the affirmative defenses.

For these reasons the judgment of the circuit court is affirmed.

Judgment affirmed.

McGLOON and O'CONNOR, JJ., concur.