In re ABCO METAL CORP., Debtor.

ABCO METAL CORP., Plaintiff,

v.

EQUICO LESSORS, INC., Defendant.

Bankruptcy No. 82 B 6566.
Adv. No. 83 A 2059.

United States Bankruptcy Court,
N.D. Illinois, E.D.

Jan. 12, 1984.

See also, 7 Cir., 721 F.2d 583.

William S. Shapiro, Isaac S. Schreibman, Hayt, Hayt & Landau, Evanston, Ill., for Equico.

Abraham Brustein, Nicholas G. Dozoryst, II, Chicago, Ill., for Abco.

## MEMORANDUM AND ORDER

ROBERT L. EISEN, Bankruptcy Judge.

This matter came to be heard on defendant, Equico Lessors, Inc.'s (Equico) motion to dismiss the adversary complaint of plaintiff-debtor, Abco Metal Corporation (Abco). The Court having carefully considered the pleadings and memoranda filed herein as well as the pleadings and Memorandum Opinion and Order entered in the District Court proceeding entitled *Abco Metal Corporation v. J.W. Imports Company, Inc., E. Laursens Maskenfabrik and Equico Lessors, Inc.*, cause no. 82 C 0169 and the pleadings and Memorandum Opinion and Order entered in the District Court proceeding entitled *Equico Lessors, Inc. v. Raymond Ebinger and Allen Ebinger*, cause no. 82 C 3085, does hereby grant defendant's motion to dismiss plaintiff's adversary complaint.

Essentially, Equico contends that Abco is barred by *res judicata* from relitigating the claims raised in Abco's three count adversary complaint for breach of express and implied warranties and for failure of consideration. Equico argues that these issues were finally adjudicated or could have been finally adjudicated in the prior proceeding between Abco and Equico. Equico further contends that not only is Abco barred by res judicata from relitigating all three issues, but is also collaterally estopped from raising the claim of failure of consideration in that the same issue was also litigated in the suit between Equico and the Ebingers.

Abco's primary argument against the application of res judicata is that its adversary complaint recites a cause of action different from the cause in the prior proceeding. Abco also asserts that Equico's

reliance on collateral estoppel is misplaced in that the order entered in the proceeding between Equico and the Ebingers is not a final judgment and therefore, collateral estoppel is not applicable.

## THE FACTS

The plaintiff, Abco, is in the business of processing and selling scrap metal at wholesale and retail. In early 1980, Abco contacted J.W. Imports Company, Inc. to inquire about buying a wire chopper for its business. J.W. Imports is the sole distributor of heavy industrial machinery manufactured by E. Laursen Maskinfabrik. Laursen's machinery, including wire choppers, is marketed in the United States under the trade name Eldan. The wire chopper was ordered to meet definite performance specifications. Laursens was to manufacture the wire chopper and J.W. Imports was to import it. It was agreed that J.W. Imports would transfer the wire chopper to Equico, an equipment leasing company and the defendant herein, who, in turn, would transfer the wire chopper to Abco by granting it an equipment lease for five years with an option to purchase at the end of the term. In June of 1980, the wire chopper was delivered to Abco but, according to Abco, never performed to agreed specifications.

## PRIOR PROCEEDINGS

On January 11, 1982, Abco filed suit in the United States District Court for the Northern District of Illinois, Eastern Division, naming J.W. Imports and Laursens as defendants. Subsequently, on May 12, 1982, Abco amended its complaint and added Equico as a defendant. The amended complaint consisted of nine counts: Counts I and II were for breach of express warranty against Laursens and J.W. Imports; Counts III and IV were for breach of implied warranty of merchantability against Laursens and J.W. Imports; Counts V and VI were for breach of implied warranty of fitness for particular purpose against Laursens and J.W. Imports; Count VII was for strict liability against Laursens, J.W. Imports and Equico; Count VIII was for neg-

ligence against Laursens and J.W. Imports; and Count IX was for breach of contract for failure of consideration against Equico only.

Equico filed a motion to dismiss the two counts against it. Thereafter on September 13, 1982, a Memorandum Opinion and Order was entered dismissing Equico from the suit. 560 F.Supp. 125. The Court of Appeals for the Seventh Circuit affirmed the dismissal of Equico from the suit. 721 F.2d 583.

On May 18, 1982, Equico filed suit in the District Court against Raymond and Allen Ebinger, officers of Abco who had executed personal guaranties, guaranteeing the performance of all obligations of Abco to Equico. In the suit to enforce the guaranties, the Ebingers' answer asserted five affirmative defenses: 1) failure of consideration; 2) unconscionability of the guaranties; 3) unconscionability of the agreements or equipment leases; 4) breach of the agreement by Equico; and 5) duress.

Equico filed a motion for summary judgment. Summary judgment was granted as to the first defense of failure of consideration and the fourth defense of breach of the agreement. The Court held that the Ebingers were collaterally estopped from asserting these two defenses because these same issues had been adjudicated in the prior proceeding between Abco and Equico. Equico's motion as to the other defenses was denied and the suit is currently pending in the District Court.

## ISSUES

The threshold question to be considered by this court is whether Abco's adversary complaint is barred under the doctrine of res judicata by the judgment entered in the District Court dismissing the suit between Abco and Equico. Secondarily, the court is asked to determine whether collateral estoppel is applicable, relying on the partial summary judgment entered by the District Court in the suit between Equico and the Ebingers.

## DISCUSSION

Defendant's motion to dismiss was brought pursuant to Rule 7012 of the Rules of Bankruptcy Procedure which makes Rule 12(b)–(h) of the Federal Rules of Civil Procedure applicable in adversary proceedings. Since both sides have presented matters outside the pleadings, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 12(b) and Rule 56 of the Federal Rules of Civil Procedure.

■ The primary purpose of a motion for summary judgment is to avoid an unnecessary trial and summary judgment is the procedural device for promptly disposing of actions in which there is no genuine issue of any material fact. *Mintz v. Mather's Fund, Inc.,* 463 F.2d 495 (7th Cir.1972). The burden of showing the absence of a genuine issue of material fact is on the party moving for summary judgment. *Mack v. Cape Elizabeth School Board,* 553 F.2d 720, 722 (1st Cir.1977). In the case at hand, defendant Equico bears the burden of proof and primarily relies on the doctrine of res judicata to sustain its burden.

The doctrines of res judicata and collateral estoppel "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 415 (1980). In *Allen,* the Court stated:

> Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues raised in that action. Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case. *See id.* at 94, 101 S.Ct. at 414.

Therefore, if Equico can establish that the doctrine of res judicata does apply, Abco will be precluded from litigating the present action.

■ The doctrine of res judicata precludes relitigation of claims already deter-

mined by a valid and final judgment on the merits between the same parties. This doctrine of finality extends not only to those matters actually determined in the prior suit, but also to matters properly involved which could have been raised in the prior suit. *Gasbarra v. Park-Ohio Industries, Inc.,* 655 F.2d 119, 121 (7th Cir.1981).

■ Briefly stated, the parties to an action in which a judgment on the merits has been rendered, or their privies, are barred from relitigating the same cause of action in a second proceeding. *Cromwell v. County of Sac,* 94 U.S. 351, 24 L.Ed. 195 (1876); *Harper Plastics v. Amoco Chemicals Corp.,* 657 F.2d 939 (7th Cir.1981). To the extent that a second proceeding advances any part of the same cause of action, a judgment in the first proceeding "prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979).

■ The reasoning behind this policy is to protect defendants and the courts from a multiplicity of suits arising from the same cause of action. *Gasbarra,* 655 F.2d at 121. The concept has also evolved in order to prevent parties from engaging in the practice of "claim splitting".

■ Before applying res judicata, the court must find a previous, final judgment on the merits by a court of competent jurisdiction, involving the same causes of action between the same parties. *Church of the New Song v. Establishment of Religion,* 620 F.2d 648, 652 (7th Cir.1980). The determination of whether two cases involve the same cause of action is a complex matter. The primary test for determining if two suits are based on the same cause of action is whether both suits arise out of the same basic factual situation. *Harper Plastics v. Amoco Chemicals Corp.,* 657 F.2d 939 (7th Cir.1981); *Himel v. Continental Illinois National Bank & Trust,* 596 F.2d 205 (7th Cir.1979); *Lambert v. Conrad,* 536 F.2d 1183 (7th Cir.1976). In *Church of the New*

*Song,* supra, the court noted that there are no hard and fast rules for determining when the same cause of action is involved. However, an important consideration is whether the wrong for which remedy is sought is the same and thus whether the same evidence would sustain both judgments, 620 F.2d at 652.

In defining cause of action or claim for purposes of the application of res judicata, the Restatement (Second) of Judgments uses a transactional approach. Under the Restatement, a claim "includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." Restatement (Second) of Judgments, Section 24 (1982).

Since plaintiffs do not dispute that the judgment of the District Court, affirmed by the Seventh Circuit, dismissing Equico from the suit was a final judgment on the merits, and since the parties to this suit are identical, the only element of res judicata which must be determined by this Court, is whether the two suits involve the same cause of action.

Abco's present action which it claims is new and independent, is based upon the transaction described in paragraph 9 of Abco's adversary complaint:

> On or about June 9, 1980, Abco entered into an arrangement with Equico whereby Equico would purchase a wire chopper distributed under the trade name Eldan Wire Granulator Model 1200, represented to be capable of meeting the specific requirements of Abco. Pursuant to the arrangement between the parties, which was alternatively a sale or a lease, Equico transferred the wire chopper to Abco by granting it an equipment lease for five years...

The complaint is in three Counts. Counts I and II are for breach of implied warranty of merchantability and express warranty. Count III is for failure of consideration, although it alternatively pleads that Equico's proofs of claim filed in this bankruptcy proceeding should be disallowed because of

failure of consideration or should be set off because of the damages suffered by Abco due to the breach of warranties.

As stated earlier, claims of breach of express and implied warranties were raised against the other two defendants in the prior proceedings, but not against Equico. The Counts against Equico were for strict liability and failure of consideration. In its Memorandum Opinion and Order dismissing Equico, the Court at page 17 stated the following:

> In fact, Equico is not responsible for putting the defective wire chopper into the stream of commerce, as that phrase is used by the Illinois courts. By the time Equico was brought into the deal, Abco had already met with Laursens and J.W. Imports, negotiated the specifications and price of the wire chopper, and agreed to purchase it. As Equico properly notes in its brief in support of this motion, it did not provide the machine but merely provided the money to make the purchase of the machine possible. The court does not believe that Abco could seriously argue that, if it had borrowed money from a bank to pay for the wire chopper, the bank would be liable for any defects. In the instant transaction, Equico occupies essentially the same position as the bank would.

The Court held that Equico as a financial lessor would not be strictly liable for defective products.

In ruling on the Count for failure of consideration, the Court clearly stated that "Equico was not obligated to provide a non-defective wire chopper in order to comply with the lease.... Equico's consideration was not the machine, but rather the money to purchase the machine from Laursens and J.W. Imports. Equico has provided the required sum of money, and therefore, has met its obligation under the contract."

■ In light of the foregoing, Abco's contention that two separate causes of action are involved is simply incorrect. The matter before this court arises out of the same factual situation as the matter previously before the District Court. The same issues have already been determined. Although Abco now seeks relief against Equico under the theory of breach of express and implied warranty, it is precluded from doing so. The place for Abco to have availed itself of its claims for breach of warranties was in the prior suit, as it did against the other defendants. The final judgment by the district court and the affirmance of that judgment by the Seventh Circuit constitutes a bar to the present action under the doctrine of res judicata.

■■ Abco asserts two additional arguments to defeat the application of res judicata. Abco contends that Equico's failure to file a counterclaim in the prior proceeding precludes it from filing its claims against Abco in the bankruptcy proceeding. According to Abco, if the doctrine of res judicata applies to Abco in this proceeding, the doctrine also applies to Equico's claims under the rules of compulsory counterclaims. The argument is without merit. Under Rule 13 of the Federal Rules of Civil Procedure, compulsory counterclaims are lost if not raised at the proper time. However, by its own terms, the rule does not apply unless there has been some form of responsive pleading. *Martino v. McDonald's System, Inc.,* 598 F.2d 1079 (7th Cir.1979). The prior action was disposed of by a motion to dismiss before any such pleadings were filed.

Abco's final argument is that even if all the requirements for res judicata are met, this court should exercise its discretion and "refrain from invoking res judicata" because of the policy underlying the Bankruptcy Code which allows a business every opportunity to successfully reorganize under Chapter 11. Res Judicata is based on a public policy favoring an end to litigation. The Supreme Court has spoken to this issue in *Federated Dept. Stores, Inc. v. Moitie,* 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981): "The doctrine of res judicata serves vital public interests beyond any individual judge's ad hoc determination of the equities in a particular case. There is simply 'no principle of law or equity which sanctions the rejection by a federal court of the salu-

tary principle of res judicata'." *Id.* at 401, 101 S.Ct. at 2429, (quoting *Heiser v. Woodruff,* 327 U.S. 726, 733, 66 S.Ct. 853, 856, 90 L.Ed. 970 (1946)).

Having disposed of this matter under the doctrine of res judicata, it is unnecessary to determine if the doctrine of collateral estoppel, as raised by Equico, is also applicable. Accordingly, it is unnecessary to address Abco's defense to the application of collateral estoppel.

## CONCLUSION

The doctrine of res judicata precludes the relitigation of the same cause of action. If the defendant can establish that the doctrine of res judicata applies, he will be entitled to judgment as a matter of law. Before the doctrine of res judicata can be applied, there must have been a previous final judgment on the merits by a court of competent jurisdiction, involving the same cause of action between the same parties.

These elements are found in this case. There has been a final judgment on the merits by the District Court, affirmed by the Seventh Circuit, on the same cause of action between the same parties. Abco has failed to raise any triable issues of fact not previously disposed of in the District Court and as matter of law, Equico's motion to dismiss must be granted.

WHEREFORE, IT IS HEREBY ORDERED that Equico's motion to dismiss Abco's adversary complaint is granted and said complaint is hereby dismissed.