**In re WALLACE A. ERICKSON & CO., Debtor.**

**Bankruptcy No. 83 B 15033.**

United States Bankruptcy Court, N.D. Illinois, E.D.

Nov. 9, 1984.

Burton Sapoznick, Sapoznick, Freidin & Associates, Chicago, Ill., for Wallace A. Erickson.

Laurence Kallen, Arnstein, Gluck, Lehr, Barron & Milligan, Chicago, Ill., for Getz Estate.

Lawrence Cooper, Chicago, Ill., trustee.

Office of the U.S. Trustee, Chicago, Ill.

## MEMORANDUM AND ORDER

ROBERT L. EISEN, Bankruptcy Judge.

This matter came before the court on the amended motion of Wallace A. Erickson to dismiss the Chapter 11 proceeding. Erickson contends that the Chapter 11 petition was filed on behalf of the debtor corporation by a party who lacked authority to do so. Upon that basis, Erickson has moved for dismissal.

The issue presented to the court is whether this Chapter 11 case was properly filed. The question involved is whether ownership of the stock of Erickson & Co. was transferred to stockholders who subsequently elected the corporate officer who filed the Chapter 11 on behalf of Erickson & Co. For the reasons set forth in this memorandum, this court, having carefully considered all pleadings, memoranda and documentary evidence filed herein and having heard testimonial evidence, determines that the Chapter 11 petition was filed by a properly authorized party and therefore denies Wallace A. Erickson's amended motion to dismiss the Chapter 11.

## BACKGROUND

The facts which underly the present dispute involve a rather lengthy and complex history. The parties involved in the present dispute are the debtor *Erickson & Co.*, on whose behalf Bernard Rosenberg filed the instant Chapter 11 petition. Rosenberg became president pursuant to a "consent" entered into by the trustee of the Getz estate, which claims to own the corporate stock. The dispute also involves Wallace A. Erickson, who also claims to own the stock of the debtor.

In 1969, William Getz loaned Wallace A. Erickson 17,000 shares of Teledyne common stock. Erickson and Gwendolyn Erickson pledged all shares of Erickson & Co. as collateral. The agreement between the parties provided that the Teledyne shares were to be replaced on May 2, 1971. The loan was not repaid as agreed. Rather, on May 3, 1971, Erickson sent a letter to Getz which acknowledged that fact and set forth an alternative method of repayment. In the letter, Erickson stated that he "was giving all Erickson & Co. stock" to Getz as partial payment. Complete payment of the debt was never made. Later, Getz sued in the Circuit Court of Cook County to collect the balance due on that debt. Subsequently, upon Getz's death in 1977, beneficiaries of the estate were substituted as plaintiffs pursuant to their rights under the will of William Getz.

On July 15, 1981, an order was entered in the Circuit Court of Cook County in favor of the Getz estate against Wallace A. Erickson in the amount of $5,046,618.70. The language of that order clearly contemplated that the stock of Erickson Co. had previously been transferred to the Getz estate. The relevant portion of the Circuit Court order provides:

It is fu[r]ther ordered that judgment be and the same is hereby entered in favor of the plaintiffs and against the defendants Wallace A. Erickson and Wallace A. Erickson & Co., in the amount of $5,046,-618.70 and costs less the value of the shares of Wallace A. Erickson & Co. previously conveyed to William Getz, said value to be determined as of July 13, 1981; ...

In that action the defendants had submitted a verified answer which admitted that the stock had been conveyed.

That order further provides: It is further ordered that the defendant Wallace A. Erickson & Co. make appropriate entries on its books and records to reflect that plaintiffs are the legal holders of 100% of the outstanding common stock of the company.

The plaintiff later obtained a summary judgment against the defendants. On appeal the Illinois Appellate Court affirmed the Order of the Circuit Court and gave effect to the statements contained in the verified answer. The Getz estate argues that it is the owner of the Erickson & Co. stock and therefore Rosenberg was acting with proper authority when he filed the Chapter 11 petition.

Erickson argues that the Chapter 11 should be dismissed because he never conveyed the stock. He argues that the necessary formalities were not complied with, that he still owns the stock, and that this court should dismiss the Chapter 11 proceeding as filed by one lacking authority to do so.

## DISCUSSION

■ The state court judgment which determined the ownership of the stock of Wallace A. Erickson and Co. might arguably be accorded *res judicata* effect by this court. The purpose of *res judicata* is to prevent duplicative litigation. *In re Abco Metal Corp.*, 36 B.R. 344, 347 (Bankr.N.D. Ill.1984) (and cases cited therein).

■ Collateral estoppel precludes the relitigation of factual issues. This court has recently outlined the elements which must coalesce before collateral estoppel will be applied. Those elements are:

1. The issues sought to be precluded must be the same as those involved in the prior action;

2. The issues must have been actually litigated;

3. They must have been determined by valid and final judgment; and

4. The determination must have been essential to the final judgment.

*In re McMillan,* 579 F.2d 289, 291–92 (3d Cir.1978); *Matter of Ross,* 602 F.2d 604 (3rd Cir.1979). (*cited in In re Wade,* 26 B.R. 477, 482 (Bankr.N.D.Ill.1983)). The ownership of the stock of the debtor corporation was also at issue in the state court case. That issue was litigated and on appeal the Appellate Court noted that in Erickson's answer in that matter, he had admitted that the stock had been conveyed. The order was affirmed by the Illinois Appellate Court and leave to appeal to the Illinois Supreme Court was denied. Therefore, the order was both valid and final. Finally, the determination was essential to the final judgment. That judgment provided that the value of the stock which had been previously transferred was to be deducted from the amount of the judgment. Therefore, it appears that collateral estoppel should be applied here to prevent the relitigation of ownership of the stock in the debtor.

 Nevertheless, rather than rely solely upon collateral estoppel, this court has examined *de novo* the documents and applicable law and determines for several additional reasons that the Getz estate owns the stock of Wallace A. Erickson & Co. and that its representative was authorized to file a Chapter 11 petition on behalf of the company. The crux of Wallace A. Erickson's argument is that he is still the legal owner of the stock of the debtor because no transferring entry was made on the books and records of the corporation. That argument must fail. The Circuit Court found that the stock had been conveyed in the May 3, 1971 letter from Erickson. The Circuit court ordered the appropriate entries be made reflecting that prior conveyance. That act was "purely ministerial" and failure to perform it does not prevent *at least* equitable ownership from being transferred. *Nugent v. Collins,* 89 Ill.App.3d 874, 45 Ill.Dec. 244, 412 N.E.2d 595, 598 (1980). In the present case, similarly to the situation in *Nugent,* the stock was properly voted by the trustees of the Getz estate even though they were not the owners of record. The court is aware that the *Nugent* case is somewhat factually distinguishable. However, one important principle from Nugent still applies. That principle is that voting rights in stock may be determined by factors other than *pro forma* record ownership of the stock. Other Illinois cases illustrate the same proposition of law. *E.g. Citizens' Savings & Trust Co. v. Illinois Central Railroad Corp.,* 182 Fed. 607 (7th Cir.1910); *Head v. Wood,* 20 Ill.App.2d 97, 155 N.E.2d 348, 351 (1959).

 Erickson has raised numerous arguments involving Article 8 of the Uniform Commercial Code. Ill.Rev.Stat. ch. 26, § 8–101 *et seq.* (1982). Those arguments miss the point. The purposes of that Article are to facilitate the negotiability of investment securities. Ill.Ann.Stat. Introductory Comment at 177 (Smith 3rd 1984). The commentary specifically provides that Article 8 is not a corporate code. *Id.* As the court noted in *In re Hill's Estate,* 42 Ill.App.2d 396, 192 N.E.2d 429, 433 (1963) (construing the Uniform Stock Transfer Act) the statute does not effect the rights of the parties among themselves. The same statement applies to the present facts and the Code section at issue here. For example, the Code Comment to section 8–207 upon which Erickson relies, states that the section "does not operate to determine who is finally entitled to exercise voting and other rights.... The parties are still free to incorporate their own arrangements." Ill.Ann.Stat. ch. 26, § 8–207 Uniform Commercial Code Comment (Smith-Hurd 1982).

 Erickson has further argued that only the legally constituted board of directors has authority to file a Chapter 11 and has cited several cases in support of that proposition. While it is true that a Chapter 11 petition may properly be filed only by those with authority to do so, *In re Eastern Bancorporation,* 23 B.R. 474 (Bankr.E.D.Pa.1982), even in that case, the

court went beyond a determination of the identity of the record owner to determine that the Chapter 11 proceeding was filed by persons with proper authority to do so. In *Eastern Bancorporation,* the parties who authorized the filing of the Chapter 11 became owners of the stock pursuant to a pledge agreement. The transfer on the records of the corporation never took place. Yet the court determined that the record ownership was not determinative, *id.* at 478, and gave legal effect to the prior agreement between the parties. Similarly, this court will give effect first to the letter written by Wallace A. Erickson by which the stock was conveyed, and second, to Orders entered by the Circuit Court of Cook County and the Illinois Appellate Court.

Moreover, Erickson may not now deny the transfer under the doctrine of equitable estoppel. Estoppel "arises ... when one has so acted as to mislead another and the one thus misled has relied upon the action of the inducing party to his prejudice." *Lebold v. Inland Steel Co.,* 125 F.2d 369, 375 (7th Cir.1941) *cited in Citation Cycle Co., Inc. v. Yorke,* 693 F.2d 691, 695 (7th Cir.1982). In this case Erickson stated by letter that he was transferring the stock to Getz. Getz relied upon that act and agreed to the terms as set forth in the letter. It is apparent from the letter that Erickson intended Getz to rely upon the substance of the letter. The prejudice to Getz by Erickson's act is obvious. Therefore, all the elements of equitable estoppel are present in this matter and Erickson may not deny that the Getz estate owns the stock.

In conclusion, Erickson argues that the absention provisions of the recently enacted amendments to the Bankruptcy Code indicate that this court should not decide the issue presently before it. This court notes that whether a Chapter 11 has been properly filed is clearly an issue which it may decide. It is Erickson himself who brought the issue before the court upon his motion to dismiss this Chapter 11 case. Erickson has not challenged jurisdiction in his pleadings. Moreover, in this case considering the record of protracted litigation, this court does not think that the interest of justice would in any way be served by sending the parties through additional lengthy state court proceedings. The state courts have already determined Getz's estate to be the owner of the stock of the debtor corporation. That court cannot do more which is relevant to the present proceedings. Erickson stated by letter that he was transferring the stock in 1971. He should not now be able to delay this matter any longer through his mere refusal to comply with a state court order directing him to make appropriate entries on the corporate records.

This court therefore concludes that the Getz estate is the owner of the stock of the debtor corporation and that the Chapter 11 case was filed by a corporate officer acting under proper authority.

THEREFORE, IT IS HEREBY ORDERED that the motion of Wallace A. Erickson to dismiss the instant Chapter 11 matter be and hereby is denied.